## VOORHEES AND WIFE *v.* HUSHAW and Others.

DEMURRER.—A demurrer to a part of a paragraph of a complaint is not permissible under the code.

SAME.—*Defect of Parties.*—*Partition.*—The objection to a complaint in partition that it discloses the fact that a certain portion of the lands sought to be divided is owned by the plaintiffs and defendants in common with a person whose name is not given, or any reason for not disclosing it, if a valid one, is waived if not taken by demurrer for that particular cause.

ESTOPPEL.—*Conveyance.*—*Consideration.*—A., the owner of certain real estate, voluntarily refused to pay the taxes thereon, and designedly permitted it to be returned as delinquent, and to be sold for taxes, and procured B. to buy it in at such sale, and to assign the certificate of purchase to the daughter of A., and procured the county auditor to convey the land to said daughter under the certificate, with the intent, in consideration of natural love and affection, to thereby invest her with the title to the land as a voluntary and absolute gift, and not as an advancement.

*Held*, in a suit, after A.'s death, against said daughter by the other heirs at law of A., for partition of said land, that these facts did not estop the plaintiffs from denying the validity of the sale for taxes or the title of the daughter under it.

APPEAL.—*Record.*—A pleading having been once copied into the record made out on appeal, it is not necessary to copy it again when introduced into subsequent parts of the record; a reference to it by which it can be identified being all that is necessary.

APPEAL from the Fountain Circuit Court.

Suit by the appellees against the appellants and others for partition of the lands of Solomon Hushaw, deceased, of whom the plaintiffs and defendants were the heirs at law.

Among other averments, the complaint alleged that Solomon Hushaw, a short time before his death, procured a tax deed for about eighty acres of the lands sought to be partitioned to be made to his daughter Rebecca, one of the appellants; and charged that the sale for taxes was illegal, and that said deed vested no good title in said Rebecca. To this part of the complaint the appellants filed a demurrer, which was overruled.

It is urged in this court by the appellants, that the complaint was insufficient because it disclosed that one of the tracts sought to be divided was owned by the plaintiffs and

Voorhees and Wife *v.* Hushaw and Others.

defendants in common with a person whose name was not given, or any reason for not disclosing it.

The appellants answered by the general denial and four special paragraphs.

The third paragraph was withdrawn, and demurrers to the second, fourth and fifth paragraphs were sustained.

Trial by the court; finding for the plaintiffs; partition ordered; and commissioners appointed, to whose report the appellants objected. The objection was overruled, and partition was made in accordance with the report.

ELLIOTT, J.—The first question urged by the appellants for a reversal of the judgment is, that the complaint is bad. But they have failed to furnish such an abstract of the complaint as to present the question, and we are not required, therefore, to examine it. It may, however, be proper to remark that the complaint is in a single paragraph, and a demurrer was filed to a part of it, which was correctly overruled, and might properly have been stricken out or rejected, as a demurrer to a part of a paragraph of a complaint is not permissible under the code. *O'Haver* v. *Shidler*, 26 Ind. 278.

The objection urged to the complaint, in argument, if a valid one, is of such a character as must have been taken by demurrer for that particular cause, and not being so taken, was waived.

It is also insisted, that the court erred in sustaining the demurrers to the second, fourth and fifth paragraphs of the appellants' answer.

The fourth paragraph sets up a claim of title in the appellant Rebecca Voorhees by a parol gift by her father, and is so obviously bad that no argument is presented in defense of it.

The second and fifth paragraphs are substantially the same, and may be examined together. By these paragraphs the appellants claim title in Rebecca Voorhees to a part of the land described in the petition for partition, by virtue

of a conveyance made to her by the county auditor, under a sale thereof for taxes. It is not contended by the appellants' counsel, in argument, that the averments in either of the paragraphs are sufficient to show a valid sale and conveyance of the land for taxes; but it is urged that, under the facts alleged in these paragraphs, the appellees are estopped from denying the validity of that title. The facts relied on as working an estoppel are, that Solomon Hushaw, the father of said Rebecca, and under whom all the appellees claim title, being the owner of the land, voluntarily refused to pay the taxes thereon, and designedly suffered and permitted it to be returned as delinquent, and subsequently sold for taxes, and procured Furguson to purchase it in at such sale; and that he afterwards procured Furguson to assign and transfer his certificate of purchase to said Rebecca, and also procured the county auditor to convey the land to her under said certificate, with the intent and purpose, and in consideration of natural love and affection, thereby to invest her with the title to the land as a voluntary and absolute gift, and not as an advancement.

The facts alleged do not, in our judgment, estop the appellees from denying the validity of the sale for taxes, or the title of Rebecca under it. Natural love and affection constitute a sufficient consideration to support a conveyance, otherwise valid, made, or procured, by a father to his child, or an executed gift, but not sufficient to support an executory promise; nor will such a promise be enforced either at law or in equity.

Estoppels intervene to prevent fraud and wrong; thus, a party will be concluded from denying the truth of his own acts or admissions, which were expressly designed to influence the conduct of another, and did so influence it, when such denial will operate to the injury of the latter; for, in such a case, in good conscience and honest dealing, he ought not to be permitted to make such denial. See *Ridgway* v. *Morrison*, 28 Ind. 201, and cases there cited.

Here, it does not appear that the appellant was influenced

to any act by the promise, acts, or statements, of her father; indeed, it is not shown that she did anything; she paid nothing for the conveyance, parted with no right, and in nowise changed her condition. She was simply passive and received the conveyance when it was made to her.

If she fails to hold the land, she is placed in no worse condition than she would have been if all her father did in reference to the matter had never transpired. She may fail in an expected benefit, which she supposed was voluntarily bestowed upon her; but it cannot, in any legal sense, be said that she is injured.

We think the court did right in sustaining the demurrers to the second, fourth, and fifth paragraphs of the answer.

It is claimed that no demurrer or reply was filed to the second paragraph of the answer, and that it remains undisposed of. We do not so understand the record. It first shows that a demurrer, which is set out, was filed to that paragraph, and overruled; the plaintiffs then replied, but afterwards withdrew the reply, by leave of the court, and "refiled the demurrer;" afterwards the demurrer was withdrawn to enable the plaintiffs to file a motion in reference to the paragraph. The motion having been disposed of, the record shows that the demurrer was "refiled" and sustained. The pleading having been once copied into the record made out on appeal, it was not necessary to copy it again when introduced into subsequent parts of the record; a reference to it by which it can be identified is all that is necessary.

Overruling the appellants' objection to the report of the commissioners who made the partition, is the only remaining question presented.

The objections to the report are based on a misapprehension of the facts stated in it.

Among the lands to be partitioned were the west half of the north-east quarter of section twenty-three, in township twenty-one, north of range seven; the north half of the west half of the south-east quarter of the same section; and

four undivided sixths of the south half of the last named tract.

It will be observed that the two half-quarter sections adjoin each other; the one first described lying immediately north of the latter. One objection urged to the report is, that whilst the first described tract only contains eighty acres, shares amounting to one hundred and forty-seven acres are assigned out of it, leaving the last described tract undivided or assigned. The objection is not true in point of fact. The commissioners commenced the partition of these lands, by first assigning to Joseph Hushaw thirty-seven acres, across the north end of the west half of the north-east quarter of the section. Then to Anna Houver twenty-eight acres adjoining that assigned to Joseph, on the south. These two shares, it will be observed, leave fifteen acres of that tract. Next follows the share assigned to Margaret Hushaw, which is described in the report thus: "Twenty-eight acres in the west half of the north-east quarter of section twenty-three," &c., "and in the north part of the north-west quarter of the south-east quarter" of the same section, "adjoining the share assigned to Anna Houver, on the south." Next is assigned to Rebecca Voorhees, the appellant, "twenty-seven acres in the west half of the south-east quarter" of the section, "adjoining the share assigned to Margaret, on the south." This share just embraces the residue of the north half of the west half of the south-east quarter of the section, not included in that assigned to Margaret. And to Louisa Hershberger is assigned twenty-seven acres more or less, in the same half quarter section, adjoining the share assigned to Rebecca, "and embracing the residue of said eighty-acre tract, except the six and two-thirds acres across and off the south end of the same, heretofore assigned William S. Coon, and except the undivided interest in said twenty-seven acres belonging to another." The parties to this suit were the owners of only four-sixths of this forty-acre tract; one-sixth was owned by Coon, and the report shows that it had been

Voorhees and Wife *v.* Hushaw and Others.

previously assigned to him—six and two-thirds acres, across the south end of the the tract; the other sixth belonged to some one whose name is not given; and the assignment to Louisa covers the forty acres, except that assigned to Coon, but subject to the sixth owned by the person not named, which would leave to her about twenty-seven acres.

The objections to the report were not well taken, and were therefore properly overruled.

The judgment is affirmed, with costs.

GREGORY, J., having been of counsel, was absent.

*D. W. Voorhees, J. Ristine, T. F. Davidson,* and *J. M. Butler,* for appellants.

*S. C. Willson, W. H. Mallory,* and *J. McCabe,* for appellees.