*W. S. Holman*, for appellant.

*F. Schwartz*, for appellees.

---

## WYANT ET AL. *v.* POTTORFF ET AL.

PROMISSORY NOTE.—*Assignment.—Evidence.*—In a suit on a promissory note against the maker, brought by one to whom it has been assigned in writing on the back thereof, an answer of general denial puts in issue such assignment, which must be shown in evidence.

SAME.—*Attorneys' Fees.—Proof of Value.*—Where an agreement is contained in a promissory note, to pay attorneys' fees on collection, there must be proof of the value of the attorney's services, to authorize a finding therefor.

APPEAL from the Hamilton Common Pleas.

PETTIT, J.—The names of the parties in the assignment of errors, in the abstract, and in the brief of the appellants, are reversed, and this misled the clerk of this court, who is-

Wyant *et al. v.* Pottorff *et al.*

sued a summons for the appellants, which was served on them by the proper sheriff. This would not bring the appellees before this court, but the clerk has endorsed on the transcript that the case was submitted by agreement, and we suppose the parties are properly in court. In the papers above named, the parties are called plaintiffs and defendants. These are improper designations in this court. They should be "appellants and appellees."

This was a suit on a promissory note made by the appellants to third persons, and assigned in writing on the back of it to the appellees, and in it there was a stipulation to pay attorneys' fees if suit was brought for its collection.

The general denial was in, and the cause was submitted to the court for trial; finding for the plaintiff, motion for a new trial overruled, and judgment on the finding for the face of the note and interest, and for twenty-six dollars and forty-five cents more, which we suppose was intended for attorney's fee. Overruling the motion for a new trial is assigned for error, and among the causes for a new trial are, that the finding is not sustained by sufficient evidence, and that the damages are excessive. For both of these causes, the motion for a new trial should have been sustained. A bill of exceptions informs us that the reading of the note sued upon was the only evidence given in the cause. The indorsement or assignment on the note was not read, but was put in issue by the general denial.

There was no evidence of the value of attorney's fee, and the court could not take judicial notice of and find the amount of the fee without some evidence on that subject. We do not think it necessary to decide any other question presented.

The judgment is reversed, at the costs of the appellees, and cause remanded for further proceedings.

*A. F. Shirts*, for appellants.