Roberts *et al. v.* Comer *et al.*

---

ROBERTS ET AL. *v.* COMER ET AL.

PROMISSORY NOTE.—*Attorney's Fees.—Complaint.*—Where suit was brought upon a promissory note, which contained an agreement to pay a reasonable fee for the plaintiff's attorney if the note should be collected by suit, it was held not to be a sufficient cause for reversing a judgment which included an allowance for such fee, that the complaint did not state the amount of the fee claimed.

APPEAL from the Blackford Common Pleas.

DOWNEY, J.—The appellees sued the appellants on a promissory note, made by two of them, and indorsed by the other two. The note was for the payment of a sum of money with a reasonable fee for plaintiff's attorney, if the note should be collected by suit. A copy of the note was filed with the complaint.

The defendants answered by a general denial. There was a trial by the court, and a finding for the plaintiffs. The defendant moved for a new trial, on the ground that the court improperly allowed the plaintiffs to introduce testimony, over the objection of the defendants, of the value of the services of the attorney of plaintiffs in the cause, and because the finding of the court was contrary to law. The court overruled this motion, and rendered judgment for the amount of the finding.

The only error assigned is the overruling of the motion for a new trial. As the complaint contains no allegation of the amount of the attorney's fee, it is insisted by counsel for the appellants that it was an error to admit evidence of the amount. Counsel for the appellees insists that, as the note stipulated for the payment of such attorney's fees, and as the amount for which judgment was demanded was large enough to cover the amount of the note, and also of the attorney's fee, there was no error in admitting the evidence.

The court might have allowed the complaint to be amended by inserting an allegation of the amount of the attorney's fees stipulated for in the note, at any time, in its discretion. 3 Ind. Stat. 373, sec. 99. Such an allegation could hardly be regarded as stating a new or additional cause of action. The note, under section twenty-eight of the code, became properly a part of the record, and it therefore appeared upon the record that the defendants had promised to pay the attorney's fees. The defect was the want of an allegation of the amount of such fee. This might have been supplied. It follows, we think, according to section five hundred and eighty of the code, that for this defect the judgment should not be reversed by the court. There is no other ground relied upon for a reversal of the judgment.

The judgment is affirmed, with costs.

*W. H. Carroll* and *J. T. Wells*, for appellants.

*W. A. Bonham*, for appellees.