## MATHEWS *v.* NORMAN, ET AL., ADMINISTRATORS.

PLEADING.—*Evidence.*—*Agreement to pay Attorney's Fees.*—Where a promissory note contains an agreement to pay attorney's fees, such agreement should be alleged in the same paragraph of complaint that asks a recovery on the note; and evidence is admissible in support of such averment.

AGREEMENT TO PAY ATTORNEY'S FEES.—An agreement in a promissory note to pay reasonable attorney's fees if the holder is required to resort to legal proceedings to collect the note, is valid.

APPEAL from the Floyd Common Pleas.

OSBORN, C. J.—The appellees in this case sued the appellant upon three promissory notes, executed by him, payable to them as administrators of the estate of John B. Norman, deceased. Each of the notes contained a provision that if it had to be collected by law, the judgment of the court should include a reasonable attorney's fee for bringing the suit and collecting the amount due. The complaint was in three paragraphs, one upon each note. In each paragraph, there was an allegation of the value of the attorney's fee, and that the note was due and unpaid.

Separate motions were filed to require a division of each paragraph of the complaint into separate paragraphs; to strike from each paragraph of the complaint all that related to the payment of attorney's fees. Separate demurrers to the part of each paragraph of the complaint included in the motion to strike out; separate demurrers to the whole of each paragraph of the complaint in the order stated, and overruled. Separate answers of general denial were filed to each paragraph of the complaint. The cause was tried by the court, resulting in a finding for the appellees for the amount of the notes with interest and attorney's fees. A motion for a new trial was filed and overruled, and final judgment rendered on the finding. Proper exceptions were taken to the several rulings of the court, and bills of exceptions filed.

There is no error in the record. The agreement to pay attorney's fees was a part of the contract and cause of action.

It was not necessary to state it as a separate cause of action. To do so would uselessly add to the record. *Johnson* v. *Crossland*, 34 Ind. 334. The allegation was necessary to entitle the appellees to a recovery for it. *Bowser* v. *Palmer*, 33 Ind. 124. And evidence was properly admitted in support of the averment. A special demurrer to a part of a complaint will not lie. *Estep* v. *Estep*, 23 Ind. 114; *Smith* v. *The Muncie National Bank*, 29 Ind. 158; *Voorhees* v. *Hushaw*, 30 Ind. 488; *O'Haver* v. *Shidler*, 26 Ind. 278.

An agreement to pay reasonable attorney's fees, if the holder is required to resort to legal proceedings to collect the note, is valid. *Smith* v. *Silvers*, 32 Ind. 321; *Billingsley* v. *Dean*, 11 Ind. 331.

The judgment of the said Floyd Common Pleas is affirmed, with costs and five per cent. damages.

*G. V. Howk* and *W. W. Tuley*, for appellant.

*M. C. Kerr* and *W. J. Hisey*, for appellees.