## SMILEY ET AL. *v.* MEIR.

PROMISSORY NOTE.—*Attorney's Fees.—Reasonable Fees.—Prima facie,* the amount or rate stipulated for as attorney's fees in a promissory note is to govern in a suit upon the note. Ten per cent. for attorney's fees on a note for one hundred and eight dollars and fifty cents is not excessive.

SAME.—*Evidence.*—Where a promissory note made a part of a complaint fixes the amount of attorney's fees at ten per cent., it is the same as if the complaint alleged that a reasonable fee would be ten per cent. on the amount due, and no evidence other than the note is necessary.

SAME.—*Pleading.*—It is not necessary, in order to recover attorney's fees, to allege in such complaint that suit has been instituted on the note, and that such fees are due, nor where the record shows that the suit is brought by an attorney, that counsel has been employed.

SAME.—Attorney's fees, when it is agreed in a promissory note to pay them, if suit be instituted thereon, are a part of the damages which a maker of the note stipulates to pay in such event, are incident to the main debt, and cannot be sued for in a separate action after judgment on the note for the amount of the debt, and such fees may be included in the judgment, with the principal and interest of the note.

From the Elkhart Circuit Court.

*R. M. Johnson,* for appellants.

*J. H. Baker* and *J. A. S. Mitchell,* for appellee.

DOWNEY, J.—Action by the appellee, the payee, against the appellants, the makers, of a promissory note, by which they promised to pay a certain sum of money, with interest, " and ten per cent. attorney's fees if suit be instituted on this note." The complaint alleges, that, on, etc., the defendants by their promissory note, etc., promised to pay the said plaintiff, etc., the sum of, etc., following the terms of the note ; that, on, etc., the defendants paid on said note the sum of, etc.; "that the residue of the principal sum above mentioned, and the interest thereon accrued, is due and unpaid ;" wherefore, etc. A copy of the note is filed with the complaint. Answer:

1. A general denial.

2. Admitting the execution of the note, they say that the same was not due, nor any part thereof, and owing to the plaintiff, at the date of the commencement of this action, and

at that date the plaintiff had no accrued cause of action thereon, etc.

3. Payment.

Reply to the second and third paragraphs by general denial.

The issues were tried by the court, and, on request, the court found the facts, and his conclusions of law thereon specially, as follows:  " The defendants, on," etc., " executed to the plaintiff, by the name," etc., "the note described in the complaint; that there is due on said note, exclusive of attorneys' fees, one hundred and eight dollars and fifty cents, and that there is due on said note as attorneys' fees ten dollars and eighty-five cents, all of which remains unpaid ; that the plaintiff employed Messrs. Baker and Mitchell, attorneys of this court, to institute this suit, which suit was commenced January 19th, 1874. Upon these facts, as conclusions of law, the court finds that the plaintiff ought to recover of the defendants the sum of one hundred and nineteen dollars and thirty-five cents," etc.

To this conclusion the defendants excepted.  They moved that the court render judgment for one hundred and eight dollars and fifty cents, which motion the court overruled; to which they excepted, and they also excepted to the rendition of judgment for one hundred and nineteen dollars and thirty-five cents.

A motion for a new trial was made by the defendants, and overruled by the court.  They then moved the court to correct the amount of the judgment, which motion was also overruled.

Several errors are assigned, but the only question is, whether under the circumstances, the plaintiff was entitled to recover the sum of ten dollars and eighty-five cents for attorneys' fees.  On this point, and in opposition to the right to recover the amount, the learned counsel for appellants has furnished us an able brief of sixty pages in length.  From the appellee we have no brief.

On the trial of the cause, as the bill of exceptions informs

us, the defendants objected to the introduction in evidence of that part of the note by which the defendants promised to pay the attorneys' fee, and afterward moved to strike the same out of the evidence, on the ground that the same was irrelevant and incompetent, and because there was no issue made in the pleadings to which the same was directed, or which would render it competent for any purpose. This objection was overruled, and the whole note was read in evidence, the defendants excepting.

The plaintiff then offered in evidence the endorsements of the clerk on the complaint, and parol evidence to show that the action had been brought, when it was brought, and by what attorneys; to which the defendants also objected, for the same reasons, but their objections were overruled, and the evidence was admitted, the defendants again excepting.

It was urged in the motion for a new trial, that the court had erred in admitting evidence as above stated, and also that the amount of the recovery was excessive.

We do not understand that it is contended that such a stipulation in a promissory note is invalid; nor do we think the question is presented, whether or not the amount stipulated for as the attorneys' fee is conclusive between the parties, or whether evidence may be introduced to show what amount would be reasonable. *Prima facie,* we think, the amount or rate stipulated for is to govern in a suit on the note, and in this case the amount or rate was not excessive. Had the note not stated the amount of the attorney's fee, evidence of the amount should have been given on the trial. *Wyant* v. *Pottorff,* 37 Ind. 512.

Going to the brief of counsel for a more specific statement of the grounds of objection to the rulings of the court, we find that the first is, "that the court erred in allowing evidence to be introduced of the amount of the attorneys' fees due on the note, for the reason that there is no issue formed by the pleadings under which the same would in any manner be admissible."

Vol. XLVII.—36

The note, which was made part of the complaint, itself fixed the amount of the attorneys' fee, and was, we think, in substance, the same as if it had been alleged in the complaint that a reasonable attorneys' fee was ten per cent. on the amount due on the promissory note. No other evidence of the amount of the fee was introduced, or was necessary.

Again, it is urged that it is not alleged that suit had been instituted on the note, nor that the claim for attorneys' fees was due; that counsel had been employed to institute the suit, by reason of which attorneys' fees had become due and payable. Nor does the plaintiff demand judgment for attorneys' fees.

It does not appear how it could be alleged in the complaint that suit had been instituted on the note, when the filing of the complaint must precede the commencement of the suit. 2 G. & H. 59, sec. 34. The attorneys' fee was not payable until or "if suit be instituted on this note." The attorneys' fee was not due and payable until the suit was instituted on the note, and the complaint must be filed before the suit was instituted. It could not, for this reason, be stated in the complaint, that the attorneys' fee was due when the complaint was prepared.

We think it sufficiently appeared, on the face of the record, that the plaintiff had employed counsel. The record shows that the plaintiff, by Baker and Mitchell, his ·attorneys, filed the complaint, and it is signed by "Baker and Mitchell, plaintiff's attorneys." We need not indulge the presumption that counsel were serving the plaintiff gratuitously. The amount for which judgment was demanded was two hundred dollars, an amount large enough to cover the whole amount of the plaintiff's cause of action, including attorneys' fees, and was larger than the amount for which the judgment was rendered. See, on this point, *Roberts* v. *Comer*, 41 Ind. 475, where the court refused to reverse the judgment on account of the allowance of the attorneys' fees, although the complaint contained no allegation of the amount

Smiley *et al. v.* Meir.

of the attorneys' fees. It may be conceded, that it is the usual and better practice to state in the complaint what would be a reasonable attorneys' fee in such case, especially where the amount or rate of fees is not mentioned in the note. It could hardly be necessary to allege that the attorneys' fee had not been paid, since, as we have seen, it is not due or payable until the action has been commenced; and that is not until the complaint has been filed, and the summons issued upon it. The pleaders in this case did not, we think, limit the amount claimed by them to the residue of the principal of the note and the interest on the same. Those two amounts made only one hundred and eight dollars and fifty cents, while the amount for which judgment was demanded was two hundred dollars. It is said, in the concluding part of the complaint, "that the residue of the principal sum above mentioned, and the interest thereon accrued, is due and unpaid." Then follows the prayer for judgment for two hundred dollars.

The question is presented and discussed, whether or not the attorneys' fee can be recovered in the same action with the principal of the note. This is not a new or an open question in this court. It has already been decided against the views of the appellant. *Johnson* v. *Crossland*, 34 Ind. 334; *Mathews* v. *Norman*, 42 Ind. 176.

But it is said that the fees were not due when the action was commenced, and did not become due till after the action was commenced, and that therefore the introduction of parol evidence, to show that they were due when the suit was brought, was unauthorized. This objection to the evidence was not urged on the trial. The attorneys' fee is a part of the damage which the maker of the note stipulates to pay in the event that a suit shall be commenced. It is incident to the main debt or contract, and, we have held, cannot be sued for in a separate action, after a judgment has been taken on the note for the amount of the debt. *The First Nat'l Bank* v. *The Indianapolis, etc., Co.*, 45 Ind. 5.

Counsel further submit, that if the promise to pay the debt,

and, in the event that an action shall be brought, the attorneys' fee of the plaintiff, constitutes but one cause of action, there was no matured cause of action in this case when the action was commenced, because the attorneys' fee was not then due and payable. This is making the attorneys' fee the principal, and the debt the incident; the reverse of which, as we have said, we think, is the true view of the question. Possibly the question involved may be illustrated, and some aid afforded in apprehending our view of it, by a reference to the case of a promissory note bearing interest by express agreement, in which case it might be said that only the interest which had accrued at the time when the action was instituted can be included in the judgment. It might be said, as is said in this case, as to the attorneys' fee, that any interest which accrued after the commencement of the action was not a matured cause of action when the suit was brought. But the practice is uniform and unquestioned to include in the judgment the interest which accrued after, as well as that which had accrued before, the commencement of the action.

Although, as we have said, it was decided by this court, that a judgment for the principal debt, on a note like that in suit, merges the whole cause of action, and that a new action for the attorneys' fee cannot be brought, that question is not in this case. The question here is, as made by counsel, whether the attorneys' fee can be included in the judgment with the principal and interest of the note. We think it can. While we decide this, we also fully recognize the correctness of the general rule contended for by the learned counsel, that an action cannot be maintained on a cause of action which had not matured when the suit was instituted. We do not see that economy, convenience, or justice would be promoted by applying the rule contended for by counsel, in preference to that which allows the whole cause of action embraced in the note, including the attorneys' fee, to be included in one judgment.

It may be conceded, that the ruling in *Nickerson* v. *Babcock*, 27 Ill. 497, is not in accordance with what we have

decided, and now decide, on this point. This may be a reason, too, why this court or that should change its rulings; but, as at present advised, we are not inclined to change ours.

The judgment is affirmed, with costs.