## DAVIDSON *v.* KING ET AL.

REVIEW OF JUDGMENT.—*Interest on Judgment.*—A judgment by default rendered on a promissory note bearing ten per cent. interest, when by the statute interest on judgments could not exceed six per cent., provided that the judgment should bear ten per cent. interest until paid.

*Held,* that a complaint to review such judgment would lie, because of such provision therein.

SAME.—*Pleading.*—*Sheriff's Return.*—In a proceeding to review a judgment on a promissory note and decree of foreclosure of a mortgage given to secure it, the sheriff's return upon the order of sale under such decree is not a part of the complaint, though a copy thereof be filed with it.

SAME.—*Attorney's Fee.*—*Pleading.*—Where a complaint on a promissory note does not contain an averment of an amount claimed and reasonably due as attorneys' fees, but the note filed with the complaint stipulates for the payment of attorneys' fees if suit should be instituted thereon, and the sum for which judgment is demanded is large enough to cover the judgment rendered, the judgment taken by default will not be reviewed because it allows an amount for attorneys' fees.

From the Marion Civil Circuit Court.

*S. Claypool, J. L. Mitchell, W. A. Ketcham, C. Baker, O. B. Hord,* and *A. W. Hendricks,* for appellant.

*J. T. Dye* and *A. C. Harris,* for appellees.

DOWNEY, J.—This is a complaint to review a judgment, and there was a demurrer sustained to it in the circuit court. There was an exception taken to the ruling, and it is the error of which complaint is made here. The facts may be stated without setting out the complaint in full:

Vance, one of the appellees, held two promissory notes against the appellant, one dated August 25th, 1868, and the other dated October 8th, 1868, by each of which she agreed to pay a designated sum of money, and attorneys' fees if suit was instituted on the notes. A separate mortgage on real estate was given to secure each of the notes. After the maturity of the notes, Vance foreclosed the mortgages in one action, the judgment embracing an amount for attorneys' fees, and the court adding to the judgment the words: "Said judgment to bear ten per cent. interest until paid." The judgment was

by default. A copy of the notes, etc., was filed with each paragraph of the complaint, and referred to in this way : " A copy of which is filed herewith, together with a copy of the mortgage, amounting to one thousand dollars and interest, and attorneys' fees, which yet remains unpaid, though due."

The prayer of the complaint was for five thousand dollars, on both paragraphs, and for foreclosure of the mortgages, sale of the mortgaged premises, etc. After the rendition of the judgment, it was sold and assigned by Vance to King, the other appellee. King caused a certified copy of the judgment to be issued to the sheriff, the mortgaged premises were sold, and he became the purchaser. The errors in the judgment, for which it is claimed it should be reviewed, are :

1. The order of the court that the judgment shall bear interest at the rate of ten per cent. ; and,

2. That the amount of the judgment is excessive, on account of the allowance of an amount for attorneys' fees.

At the date of the judgment, there was no statute authorizing interest on judgments at a greater rate than six per cent., although a higher rate was contracted for in the instrument on which the judgment was rendered. Such a statute was passed and approved February 5th, 1873. Acts 1873, p. 158. Counsel for appellee seek to avoid this objection to the judgment by stating that interest on the judgment was computed by King at the rate of six per cent. only, and that he receipted the judgment in full, calculating the amount on that basis. ` This does not appear in the complaint. It is claimed, however, that it appears in the sheriff's return to the execution, a copy of which is filed with the complaint. That is no part of the complaint. *Knight* v. *The Flatrock, etc., Co.,* 45 Ind. 134, and cases cited. We think the ground of objection to the judgment is well taken. It was clearly wrong for the court to provide that the judgment should bear interest at ten per cent., when by statute interest on judgments could not exceed six per cent. 2 G. & H. 656, sec. 3; *Berry* v. *Makepeace,* 3 Ind. 154.

We do not think the other ground of objection such as

should reverse the original judgment. Strictly, there should be an averment in the complaint of the amount claimed and reasonably due for attorneys' fees. The notes, however, stipulated for the payment of the attorneys' fees, and the sum for which judgment was demanded was large enough to cover the judgment rendered. See *Roberts* v. *Comer*, 41 Ind. 475; *Smiley* v. *Meir*, 47 Ind. 559. It is true that the relief granted, if there be no answer, cannot exceed that demanded in the complaint. 2 G. & H. 220, sec. 380. But here the relief demanded was a judgment for five thousand dollars, and the judgment was for less than that amount. There was, therefore, no violation of the section cited.

The complaint for review prays, also, that the sheriff's sale be set aside, on account of the alleged errors in the judgment. The statute provides that upon the hearing of the complaint, the court may reverse or affirm the judgment, in whole or in part, or modify the same as the justice of the case may require, and award costs according to the rule prescribed for the awarding of costs in the Supreme Court, on appeal. 2 G. & H. 281, sec. 591. Under this section, the circuit court can reverse that part of the judgment providing for the payment of ten per cent. interest on the judgment, and affirm it as to the residue. Whether this will have any effect upon the sheriff's sale of the mortgaged premises, probably we need not now decide. But, as at present advised, it seems to us that if the interest illegally allowed did not form any part of the amount for which the mortgaged premises were sold, it would not affect the legality of the sale.

The judgment is reversed, with costs, and the cause remanded, with instructions to overrule the demurrer to the complaint, and for further proceedings.