Reynolds *et al. v.* Baldwin *et al.*

Filed Jan. 11, 1884.

| | |
|---|---|
| 93 | 57 |
| 133 | 590 |

No. 10,110.

## REYNOLDS ET AL. *v.* BALDWIN ET AL.

PROMISSORY NOTE.—*Complaint.*—A complaint on a promissory note, which avers its execution and gives a copy of the note, need not otherwise show a promise to pay.

SAME.—*Demurrer to Evidence.*—*Practice.*—Complaint on a promissory note providing for the payment of attorney's fees; answer, want of consideration; reply, general denial. The plaintiff introduced witnesses to prove the value of the attorney's services, and the defendant introduced his evidence which had no tendency to support his answer, whereupon the plaintiff demurred to the evidence, embodying in the demurrer not only the defendant's evidence but also his own as to attorney's fees, and the defendant joined in the demurrer without objection, and the jury was discharged, the parties agreeing that in case the demurrer was sustained the court should assess the damages. The demurrer was sustained, and the plaintiff had judgment.

*Held,* that there was no error in sustaining the demurrer,

From the White Circuit Court.

*A. W. Reynolds* and *E. B. Sellers,* for appellants.

*D. P. Baldwin,* for appellees.

BLACK, C.—The appellees Baldwin and Spencer sued the appellants and John G. Reynolds upon their joint and several promissory note. A return of not found as to the defendant John G. Reynolds was suggested on the record. The other defendants answered in one paragraph, wherein they denied that they executed the note sued on, and alleged that it was executed without any consideration. The plaintiffs replied by a general denial.

The cause was submitted for trial before a jury. The plaintiffs introduced two witnesses, who testified that the services

of an attorney in collecting the note sued on were worth $25. The plaintiffs then rested, and evidence was introduced by the appellants, at the close of which the appellees demurred to the evidence. All the evidence, including that given on behalf of the appellees, as above stated, was set out in the demurrer. The appellants joined in the demurrer, and the jury was discharged, the appellants and the appellees agreeing that if the demurrer should be sustained, the court might assess the damages. The demurrer was sustained, and the court assessed the amount of the recovery at $392.01. The appellants thereupon moved in arrest of judgment. This motion having been overruled, judgment was rendered for the appellees in the amount above stated.

The appellants have assigned as errors the overruling of the motion in arrest, and the sustaining of the demurrer to the evidence.

The only specific objection made to the complaint is that it did not allege a promise to pay.

The complaint alleged that on, etc., " the defendants made, executed and delivered to these plaintiffs, partners under the name and style of Baldwin & Spencer, their certain promissory note, a copy of which is as follows:" There is then set out the copy of a negotiable promissory note for $321, with attorney's fees and interest at eight per cent. per annum until paid, payable to the order of " Baldwin & Spencer," and signed by the defendants.

Thereafter it was alleged that said note " is past due and wholly unpaid; there is due them $350; a reasonable attorney's fee to collect the same is $25 ;" and judgment for $375 was demanded.

This complaint would have been sufficient on demurrer. It was not necessary to allege, in addition to what was averred, that the defendants promised to pay. It was necessary to allege the facts constituting the cause of action, and to set forth a copy of the note; all this was sufficiently done.

The answer was not verified. Under the pleadings the en-

tire burden of proof would have been upon the appellants, but for the controversy involved as to the amount of the attorney's fee.    *French* v. *Howard*, 10 Ind. 339.

Allegations of value or amount of damages in pleadings are not to be considered as true by the failure to controvert them. Section 383, R. S. 1881; section 74, Code 1852.    And in many cases involving the question of the right to open and close, it has been held by this court that in such an action as this the plaintiff would have the burden of proving the allegation of the complaint in relation to the amount of a reasonable attorney's fee, and would, therefore, be entitled to the open and close.    *Fetters* v. *Muncie Nat'l Bank*, 34 Ind. 251 (7 Am. R. 225); *Camp* v. *Brown*, 48 Ind. 575; *Hyatt* v. *Clements*, 65 Ind. 12.

Where one paragraph of a complaint, consisting of two paragraphs, is answered by affirmative matter in avoidance only, and the other is denied, the burden is upon the plaintiff, and he has the right to open and close the evidence; but if he introduce no evidence in support of the paragraph denied, the defendant will be entitled to open and close the argument.    *Zehner* v. *Kepler*, 16 Ind. 290; *Williams* v. *Allen*, 40 Ind. 295.

Where a party demurs to the evidence, no evidence introduced by him can be considered upon the demurrer.    He assumes the position which he occupies under the pleadings, without any evidence in his behalf, and if, under the pleadings, the burden of any issue rests upon him, that issue can not be determined in his favor upon the demurrer.    For the purposes of the decision of the demurrer, he abandons all claim upon that issue.    And as to an issue of which he has not the burden, he can not, by his demurrer, cause his own evidence to be taken as true or to be considered, and an attempt on his part to thus withdraw from the jury and submit to the court the decision of a disputed question of fact would be good ground for the refusal of the adverse party to join in the demurrer, or for the court to set aside the demurrer as

irregular and incorrect in principle. *Fritz* v. *Clark*, 80 Ind. 591; *Plant* v. *Edwards*, 85 Ind. 588, and cases there cited.

In the demurrer before us, as stated above, the evidence of both parties was set out. The evidence introduced by the demurrants related solely to the question as to the amount of the attorney's fee, and no evidence upon this question was introduced by the appellants. It was, perhaps, intended by the appellants to prove by their evidence a want of consideration, but the evidence had no such tendency. There can be no doubt that the demurrer was properly sustained, unless it be because of the presence therein of the evidence of the appellees.

A single cause of action was stated in the complaint. The action was upon the note. The agreement to pay a reasonable attorney's fee was a part of that cause of action. *Johnson* v. *Crossland*, 34 Ind. 334; *Roberts* v. *Comer*, 41 Ind. 475; *First Nat'l Bank* v. *Indianapolis, etc., Co.*, 45 Ind. 5.

There could be no recovery for attorney's fee without the introduction of evidence upon that subject. *Bowser* v. *Palmer*, 33 Ind. 124; *Wyant* v. *Pottorff*, 37 Ind. 512.

In such case the attorney's fee is part of the plaintiff's damages, and is an incident of the debt represented by the note, and can not be sued for in a separate action against one against whom judgment has been taken on the note for the amount of that debt, without any allowance for attorney's fee. *First Nat'l Bank* v. *Indianapolis, etc., Co., supra; Smiley* v. *Meir*, 47 Ind. 559; *Roberts* v. *Comer, supra.*

Under the pleadings, a cause of action for the appellees was established, unless the defence pleaded should be established by the evidence. It was not necessary for the appellees to introduce any evidence to entitle them to a recovery, if the defence was not proved. A part of the damages incident to the cause of action stated in the complaint could not be recovered without proof on behalf of the appellees. But there was no burden upon the appellees to make any proof to entitle them to recover the principal and interest of the

note. There was no conflict between the evidence introduced by the appellees and that introduced by the appellants. The evidence of one party was upon a wholly different subject from that of the other party. There could be no recovery of an attorney's fee without a recovery on the note; there might be a recovery on the note without a recovery of an attorney's fee. In deciding upon the demurrer, the court would not consider evidence relating solely to the assessment of damages. It can not be supposed that, in deciding upon the demurrer, the court was influenced to sustain it by the evidence introduced by the appellees. In assessing the damages, the court resorted to the copy of the note in the complaint and to the evidence of the appellees. The damages might have been assessed conditionally by the jury before the discharge thereof, in which case the jury would have considered the evidence of the appellees, and it would then have performed the real purpose for which it was introduced. It would have been better practice to have thus caused the damages to be assessed by the jury and to have omitted the evidence of the appellees from the demurrer.

The appellants joined in the demurrer without objection, and the parties agreed that, if it should be sustained, the court should assess the damages. No conflicting evidence was submitted to the court to obtain from it, instead of from the jury, the decision of a controversy upon any question of fact. We do not think that the presence in the demurrer of the evidence of the appellees so vitiated the demurrer as to prevent a proper decision thereunder of the question of the right of the appellees to recover in the action.

We need not decide whether the presence of the evidence of the appellees constituted an abandonment of their claim for an attorney's fee, or whether their evidence could properly be considered by the court upon the assessment of damages; for no question was made by the appellants in the court below upon the amount of the recovery, and they have not sought to present such a question here.

The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at the costs of the appellants.

Filed Jan. 24, 1884.