No. 11,833.

## THE McCORMICK HARVESTING MACHINE COMPANY *v.* GRAY.

PROMISSORY NOTES.—*Consideration.*—*Warranty of Machine, Breach of.*—*Notice.*—*Pleading.*—*Counter-Claim.*—In an action upon promissory notes given by the defendant in payment for a harvester and binder, he answered, setting up a warranty executed by the plaintiff's agent, whereby the machine was "warranted to be well made, of good material, and durable with care," and it was agreed that if, upon one day's trial, the machine would not work well, the purchaser should give immediate notice to the plaintiff, or its agent, and allow time to send a person to put it in order, and if it could not then be made to work well, the defendant should return it at once to the agent, and all cash and notes received in settlement would be refunded. It was alleged that the defendant, in the first harvest after he received the machine, tested it, and after vain attempts to make it run and cut, first with three horses and then with four, was compelled by its failure to work well to abandon his efforts; that its weight upon the necks of the horses was so great as to injure them; that it was defective in material and construction, and would

not work at all; that he immediately gave notice to the plaintiff's agent, and said agent attempted to make said machine work, and failed; that defendant retained said machine at the solicitation of said agent, and on his agreement that plaintiff would so repair it by the next harvest that it would work as warranted, and, relying upon said agreement, paid one note, not in suit; that plaintiff had wholly failed and refused to repair said machine. Prayer for judgment for the amount of the note paid and for the cancellation of the notes in suit.

*Held,* that the answer was sufficient as a counter-claim.

*Held,* also, that the heavy draught and the weight upon the horses were breaches of the warranty, and the defendant was not bound to show what defect in the construction of the machine caused these results.

*Held,* also, that the facts, that there was an original defect in the construction of the machine, and that the plaintiff, upon notice, attempted to remedy it and failed, gave the defendant a right of action upon the warranty, notwithstanding the stipulation for notice upon one day's trial.

EVIDENCE.—*Comparison with Standards not Admitted.*—It is improper to permit a witness to base a conclusion as to the character of a machine, as to draught and manner of doing work, by comparison with other machines that the witness has seen, and which are not admitted to be true. standards of excellence.

PRACTICE.—*Open and Close.*—Where, under the pleadings, the plaintiff is entitled to recover his whole demand without proof unless the defendant establishes his answer demanding affirmative relief, the latter is entitled to open and close the evidence and the argument.

SAME.—*Answers to Interrogatories.—Judgment Notwithstanding General Verdict.*—A judgment upon answers to interrogatories, notwithstanding the general verdict, will be rendered only when they show a fact or facts inconsistent therewith.

SAME.—*Re-Submitting Interrogatories.*—The trial court may refuse, without error, to re-submit interrogatories to the jury for additional answers, when any fuller responsive answers which they might return could not control the general verdict.

From the Pulaski Circuit Court.

*N. L. Agnew,* for appellant.

*G. Burson* and *R. L. Mattingly,* for appellee.

BLACK, C.—Action by the appellant against the appellee upon two promissory notes, executed June 30th, 1881, by the latter to the former. Answer in two paragraphs. The overruling of the plaintiff's motion to separate each of these paragraphs into two paragraphs is assigned as error; but the

grounds of such a motion with an exception to the ruling thereon not being shown by bill of exceptions, this assignment will not be further noticed.

The plaintiff's demurrer to each paragraph of the answer, assigning want of sufficient facts, was overruled. The plaintiff replied by general denial. The cause was tried by jury, the verdict being in favor of the defendant, that he recover of the plaintiff $100, and that the notes sued on be surrendered up and cancelled.

With their verdict the jury returned answers to interrogatories. Upon the plaintiff's motion the court caused the jury to retire again, for the purpose of answering some of these interrogatories plainly, fully and responsively. After deliberating, the jury returned and informed the court that they could make no different answers. Thereupon the plaintiff moved that the jury be required to answer said interrogatories plainly, fully and responsively. The court overruled this motion, and, over the plaintiff's objection, discharged the jury without requiring further answer to said interrogatories.

The plaintiff moved unsuccessfully for judgment upon the answers of the jury to the interrogatories, notwithstanding the general verdict, and for judgment upon the pleadings, notwithstanding the verdict. The plaintiff also moved for a new trial, and, the defendant having entered a remittitur for the sum of $100, the court overruled the motion for a new trial, and then rendered judgment that the notes in suit be surrendered up and cancelled.

It is contended by each party that the verdict was based wholly upon the first paragraph of the answer, and the special findings of the jury seem to be capable of such a construction. We will, therefore, notice only the first paragraph.

In it the defendant admitted the execution of the notes, and alleged, in effect, that they and another note of like tenor and effect were given in payment for a McCormick harvester and twine binder; that at the time of the purchase of said machine and of the execution of said notes, the plaintiff's

agent executed to the defendant a warranty, partly printed and partly written, which was set out, whereby the machine ordered by the defendant was "warranted to be well made, of good material, and durable with care," and it was agreed that, "if, upon one day's trial, the machine should not work well, the purchaser shall give immediate notice to said McCormick Harvesting Machine Company, or their agent, and allow time to send a person to put it in order. If it can not then be made to work well, the purchaser shall return it at once to the agent of whom he received it, and all cash and notes received in settlement will be refunded."

It was alleged that, relying on said warranty, the defendant ordered and bought said machine and executed said notes in suit and said other note; that after receiving said machine, in the harvest of 1881, he attempted to cut his wheat and test said machine; that after vain attempts to make said machine run and cut, at first with three and then with four horses, he was compelled by its failure to work well to abandon all effort to work with it; that it was defective in material and construction, and would not work at all; that he immediately gave notice to the plaintiff's agent, named, of the failure of the machine to perform or work as represented; that said agent came and attempted to put the machine in order and to make it work, but, owing to some inherent defect in its material or construction, it would not work, and said agent was compelled to abandon all attempts to repair the machine or to put it in good working order; that four horses were insufficient to draw the machine and successfully do the work for which it was intended; that the defendant was forced to abandon all attempts to use said machine, after repeated attempts and trials made at the solicitation of the plaintiff's agent; that he could not use the machine for the reason that the weight upon the necks of the horses, when running, was so great that they were injured thereby, and that the draught of the machine was so great that four horses could not draw it without great and unusual fatigue and in-

The McCormick Harvesting Machine Company *v.* Gray.

jury, and that to continue to use and work horses to it would have permanently injured his horses; that though three horses would be sufficient to draw and cut with ordinary harvesting machines with twine binders attached, said machine was so badly constructed that four horses could not successfully draw and cut with it; that it would not and could not be made to run and cut well; that it did not run as light as other machines made for a similar purpose, that could have been brought into the defendant's field; that it was not well made, but was unskilfully made and wholly unfit for the purpose for which the defendant purchased it, and was wholly unfit for a harvesting machine; that after said vain attempts of the plaintiff's agent to make it work as warranted, the defendant proposed and offered to said agent to return it to him for said company, but said agent requested the defendant to let it remain on his premises, and stated that he would notify the plaintiff of the failure of the machine to work, and of the defendant's offer to return it; that the matter so rested until the winter of 1882, when the plaintiff's agent came to the defendant and agreed with him that the plaintiff would rebuild said machine, put new woodwork thereto and so repair it by the next harvest that it would perform and work as warranted; that by such promises and agreement, which were relied upon by the defendant, he paid the plaintiff said other note, amounting at the time to $125, and ordered said machine to remain on the premises; that the plaintiff had failed and refused, and still failed and refused, to rebuild said machine or to in any way remedy its defects, or to make it run and work well and repair it, or to make new wood-work for it as so promised; that said machine was and always had been useless and of no value as a harvester or for any other purpose; that the defendant was and always had been ready and willing to deliver said machine to the plaintiff, who had failed and refused to take it as agreed and understood, and had failed and refused to sur-

render to the defendant the notes sued on and to repay the amount so paid by the defendant. Prayer for judgment for $125, and that the notes in suit be cancelled, and for other proper relief.

This pleading seems to be sufficient as an answer of counterclaim. It showed that the machine did not fulfil the requirements of the warranty. In argument, some stress has been placed upon the fact that the pleading did not allege that upon one day's trial of the machine the defendant gave immediate notice. The machine was warranted generally to be well made, of good material, and durable with proper care. It was also stipulated that if, upon one day's trial, the machine should not work well, the purchaser should give immediate notice and allow time to send a person to put it in order, and that if it could not then be made to work well, the purchaser should return it and be entitled to repayment. It was alleged that the defendant, in the first harvest after he received the machine, tested it, and, after vain attempts to make it run and cut, first with three horses and then with four, was compelled, by its failure to work well, to abandon his efforts; that it would not work at all; and that he immediately gave notice to the agent; that the agent responded to the notice, and attempted to make the machine work well, but failed to do so, and that the machine had been retained by the defendant upon the solicitation of the agent and his promise to make it fulfil the warranty. The imperfections specially mentioned, the heavy draught and the great weight upon the horses, were breaches of the warranty, and it could not be incumbent upon the defendant to show what defect in the construction caused these results. It seems that as soon as the defendant became fully aware, by trials of the machine, that these imperfections existed, he gave the notice, and that the plaintiff accepted the notice and acted upon it. Whatever might be the effect in particular cases of the stipulation for notice upon one day's trial, the facts that there was an original defect in the con-

struction of the machine, and that the plaintiff, upon notice thereof, attempted to remedy it, and failed to do so, gave the defendant a right of action upon the warranty.

There was no error in overruling the demurrer, or in overruling the motion for judgment upon the pleadings.

In discussing the motion for judgment in the plaintiff's favor upon the answers to interrogatories, notwithstanding the verdict for the defendant upon his counter-claim, counsel for appellant point out what they claim to be failures of the jury to find particular facts necessary to the defendant's recovery. But such silence of the special findings could not affect the general verdict. The jury answered such questions as were propounded to them. If these interrogatories and answers did not specially show all the facts necessary to support a verdict for the defendant, this could not indicate that the jury were not authorized by the evidence to find their general verdict. To support the contention of counsel concerning this motion, they should be able to point out, not the want of answers to sustain the verdict, but some one or more answers which show a fact or facts inconsistent with the general verdict. This they have not done, or attempted to do.

In the motion for a new trial, one of the causes assigned was the granting of permission to the defendant to open and close the evidence and the argument before the jury. Both paragraphs of answer sought affirmative relief, and admitted the execution of the notes in suit. The issues tried were formed by the plaintiff's denial of the answers of counter-claim. The only reason urged why the plaintiff should have been permitted to open and close is that the notes in suit provided for the payment of attorney's fees. But they each provided for the payment of ten per cent. attorney's fee. No evidence was necessary to determine the amount of the attorney's fee, which would be a mere matter of calculation. Under the pleadings, the plaintiff was entitled to recover its whole demand without any proof, unless the defendant, by his evidence,

established his counter-claim. The defendant, therefore, was entitled to open and close. See *Reynolds* v. *Baldwin*, 93 Ind. 57, and cases there cited.

James McMurray, a witness testifying for the defendant, after giving evidence of his having seen the machine in question at work, and of his having some knowledge of machines and some experience in running them, was asked by the defendant: "From your knowledge of harvesting machines, and from your acquaintance with defendant's machine, and in comparison with other machines, how did this machine work in the harvest of 1881, as to draught and manner of doing work?" Over the plaintiff's objection, the witness answered: "It certainly ran harder than other machines that I had seen run, that year; the manner of doing the work when it did work, was very well; the other part it was not working."

The plaintiff moved to strike out this question and answer, and the motion was overruled. Here, we think, was error. It was improper to permit the witness to base a conclusion concerning the machine in question upon particular facts which were not before the jury, and could not properly be brought before them. A comparison, in the mind of the witness, of the machine in question with the other machines that the witness had seen, could not aid the triors in arriving at a definite and correct estimate of the defendant's machine. The impracticability of proving the character of a machine by comparison with standards not admitted to be true standards of excellence must be apparent. 1 Greenl. Ev., section 52; *Bauer* v. *City of Indianapolis*, 99 Ind. 56.

The interrogatories to which the plaintiff desired the jury to make additional answers were such that any fuller answers which would have been responsive could not have controlled and overridden the general verdict. *Indianapolis, etc., R. R. Co.* v. *Stout*, 53 Ind. 143.

Without expressing any opinion as to the sufficiency of the evidence, we think the judgment should be reversed for the error indicated.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be reversed at the appellee's costs, and the cause is remanded for a new trial.

