## CAMP ET AL. *v.* BROWN.

BURDEN OF ISSUE.—*Right to Open and Close.*—Where a suit is upon a note providing for reasonable attorneys' fees, and there is a defence of set-off, payment, etc., an admission by the defendant that a certain sum would be a reasonable attorneys' fee, if the plaintiff should recover the amount of the note, will not dispense with proof, if the plaintiff should be found entitled to recover a part only of the amount of the note; and hence the plaintiff is entitled to open and close.

CONTRACT.—*Question of Fact.—Evidence.*—Where the tenant in possession of a farm worked out a gravel road assessment against the farm, and claimed the amount of the same, by agreement with the plaintiff, as a credit on a note given for the rent, and the evidence tended to show such agreement, the whole question of fact, as to the making of such agreement, should be left to the jury; and in such case a receipt given by the gravel road company in full of such assessment, on account of work done by the defendant, is competent evidence for the defendant.

From the Hamilton Circuit Court.

*T. J. Kane* and *A. F. Shirts,* for appellants.

*D. Moss* and *F. M. Trissal,* for appellee.

BUSKIRK, C. J.—The appellee sued the appellants upon a promissory note for five hundred dollars, executed by them and payable to him.

The appellant Camp answered by a general plea of payment.

The appellant Bradley answered in two paragraphs. The substance of the first was, that the note sued on was given for the rent of a certain farm belonging to appellee; that Camp had rented said farm and had executed the said note as principal, and that Bradley had signed it as surety; that appellee had employed Camp to make and put in the fences on said farm three thousand rails, and had agreed to give him a credit on said note therefor, at the rate of two dollars per hundred; that the said Camp, with the consent of appellee, sold and transferred to him the lease of said farm, with the agreement to make and put up said rails; that he assumed the payment of said note and the performance of all the terms and conditions of said contract as agreed to be performed by the said

Camp; that in pursuance of said agreement he took possession of said farm, and used and occupied it for the term agreed upon between appellee and Camp; that he made and put up the said rails on said farm, and paid the appellee one hundred dollars in cash upon said note; that the defendant, at the request of the appellee, performed labor and work in and about working out certain gravel road assessments against the said lands so leased as aforesaid, in the sum of four hundred dollars and seventy-one cents; and that it was agreed by and between the appellee and said defendant, that the value of making and putting up said rails, and the amount of work done for the appellee in working out said assessments, were to be credited upon the said notes and treated as payments thereon.

The same facts were set forth in the second paragraph, which assumed the form of a set-off. There was a reply in denial.

The cause was tried by a jury, and resulted in a verdict, in favor of appellee, of two hundred and forty dollars. A motion for a new trial was overruled, and an exception taken.

The error assigned is the overruling of the motion for a new trial

The first reason assigned for a new trial was based upon the action of the court in overruling the application of appellants to be permitted to assume the burden of the issue, and to have the open and close of the argument. It appears from a bill of exceptions, which is properly in the record, that appellants admitted that the allegation in the complaint that thirty dollars is reasonable attorneys' fees for the collection of the note sued on is true, and that said amount is reasonable if plaintiff should recover the amount of said note.

The rule is firmly settled by repeated decisions of this court, that where the plaintiff, under the issues, has anything to prove in the first instance, in order to entitle him to recover, or where he is required to prove his damages in cases where the damages can not be ascertained by mere computation, he is entitled to open and close. *The Baltimore & Ohio R. R.*

Camp *et al. v.* Brown.

*Co.* v. *McWhinney*, 36 Ind. 436; *Fetters* v. *The Muncie National Bank*, 34 Ind. 251; *Hamlyn* v. *Nesbit*, 37 Ind. 284; *Thompson* v. *Mills*, 39 Ind. 528; *Williams* v. *Allen*, 40 Ind. 295; *Grand Rapids and Indiana R. R. Co.* v. *Horn*, 41 Ind. 479.

The admission made by the appellants was, that thirty dollars was a reasonable sum for attorneys' fees, if the plaintiff recovered the amount of the note. The admission was coupled with a condition, which could not be ascertained until the verdict of the jury was returned. The admission did not dispense with proof as to the value of attorneys' fees, in case the plaintiff failed to recover the entire amount of the note. The ruling of the court was right.

Counsel for appellants complain of the giving of the eighth, ninth, tenth, and eleventh instructions, which are as follows:

" Eighth. A payment made and accepted, or that the plaintiff agreed to accept, whether in work and labor, or in money, will stand as a credit on said note; but a set-off must be due the defendants jointly against the plaintiff, or it must be due from the plaintiff to that defendant that you may find from the evidence to be the principal in said note; an indebtedness of the plaintiff to the surety on the note in suit can not be set off by you against the note in suit.

" Ninth. An agreement between the defendants that Bradley should become the principal in said note, and Camp should become the surety on the same, would not change the original relations of the defendants to the plaintiff, unless Brown, the plaintiff, agreed to the same, and recognized Bradley as principal.

" Tenth. If you find from the evidence that the defendant Camp was principal and the defendant Bradley was surety on the note upon which this suit was founded, you are not authorized under the law to allow any offsets pleaded or proven by the defendant Bradley against the plaintiff. Camp alone had the right to plead and prove individual offsets held by him against the note of the plaintiff.

Vol. XLVIII.—37

" Eleventh. If you find from the evidence that the plaintiff employed the defendant Bradley to work out his gravel road assessment in the month of July, 1870, or about that time, a portion of which said assessment was due and a portion not due, you are not authorized to construe such contract as an authority from the plaintiff to said defendant to pay the portions of such assessments to become due in the years 1871 and 1872."

We think the eighth, ninth, and tenth instructions contain a correct enunciation of the law as applicable to the facts of the case.

We think the eleventh instruction was wrong and calculated to mislead the jury. The character and extent of the agreement between appellee and Bradley, in reference to working out the assessment in favor of the gravel road company and against the lands of the appellee, was a question for the jury, to be determined from all the evidence in the cause. By the eleventh instruction, the question of fact was withdrawn from the jury, and the court assumed to decide it as a question of law. Three witnesses testified with great positiveness and particularity as to time and place and the persons present; that appellee directed Bradley to work out the gravel road tax, and that he should have credit therefor on the note in suit. The appellee positively denied the making of such contract, or having any such conversation as that detailed by the three witnesses above referred to. It further appeared from the evidence that one-half of the work was done in 1870 and the residue in 1871. There was no estimate made until in 1871. It was also proved that Brown, the appellee, received on the books of the gravel road company a credit on his assessment, for the work done by Bradley, in the sum of four hundred and fifteen dollars. If the question had been fairly submitted to the jury, they may have come to the conclusion that Bradley was authorized by the terms of the contract in doing all the work he did do on the gravel road. Besides, the appellee does not occupy a very favorable position to controvert the authority of Bradley to work out his assessment. The work

was done by Bradley, and extended through the fall of 1870 and the spring of 1871, and the appellee received a credit of four hundred and fifteen dollars on his assessment. We are not prepared to say that the jury would not have been justified, from the facts and circumstances of the case, in coming to the conclusion that the work on the road was done by the procurement, and with the knowledge and consent, of the appellee. But the work was done, and the appellee received the benefit, and the jury should have been permitted to pass upon the question.

The secretary and treasurer of the gravel road company was introduced as a witness, and testified to the doing of the work by Bradley, the estimate therefor, and the entering of a credit on the books of the company in favor of appellee for four hundred and fifteen dollars. He was then shown a receipt which he had given in his official capacity for four hundred and fifteen dollars in favor of appellee for work done by Bradley, but the court excluded the receipt from the jury. Bradley was asking a credit for work which he had done for appellee, and he was required to prove that he had done the work to the acceptance and satisfaction of the company. We think that the receipt was competent evidence, and that the court erred in its exclusion.

The judgment is reversed, with costs; and the cause is remanded for a new trial in accordance with this opinion.