WOODRUFF ET AL v. HENSLEY ET AL.

[No. 3,316.    Filed April 26, 1901.]

PLEADING.—*Insufficient Answer.*—*Breach of Warranty.*— A paragraph of answer counting upon a breach of a written warranty, which contains no averment as to the parties to the breach is insufficient on demurrer.    *pp. 593, 594.*

SAME.—*Insufficient Answer.*—*Failure of Consideration.*—A paragraph of answer drawn on the theory of failure of consideration of the purchase price of machinery is insufficient where it fails to set out facts showing a breach of warranty or the worthlessness of the machinery.    *p. 594.*

TRIAL.—*Instructions to Jury.*—*Request for Written Instructions.*— *Reading Pleadings with Oral Explanations.*—Where the court is duly requested to instruct the jury in writing, it is reversible error for the court to read from the complaint, answers, and replies and give oral explanations without incorporating such pleadings and explanations in the written instructions.    *pp. 594, 595.*

SAME.—*Open and Close.*—*Burden of Proof.*—*Pleadings.*—Where in an action on a promissory note alleging that the note was lost and that $40 is a reasonable attorney's fee, defendant withdrew his general denial, leaving standing other affirmative paragraphs of answer, he is not entitled to open and close the case, since the burden of proof is determined by the pleadings.    *p. 595.*

From the Monroe Circuit Court.    *Reversed.*

*H. A. Lee, L. M. Grimes, H. C. Duncan* and *I. C. Batman,* for appellants.

*R. W. Miers, E. Corr* and *J. R. East,* for appellees.

ROBY, J.—This action is founded on a promissory note executed by the appellees to the Birdsall Company and indorsed by the payee to the appellant's decedent. The complaint avers that the note is lost, and that $40 is a reasonable attorney's fee, in connection with the usual averments in a suit upon a note.

Appellees answered jointly in five paragraphs, (1) a general denial, (2) payment, (3) that the note was executed without any consideration, (4) admitting the execution of the note, but averring that it was given in consideration of

certain machinery, an engine, separator and appliances, sold to appellees by the payee of the note and warranted by it to be "well built of good material, and with proper management capable of doing as well as other machines of like size and proportion", and filing a copy of a written warranty to that effect. That appellees gave proper management and followed the directions given by said company in starting and operating, but that said machinery was not well built, was not of good material, and was totally unfit to do the work for which it was intended. That the company was notified that the machinery did not fill the warranty; that the company undertook to remedy its defects, but was not able to do so; that appellees offered to return the property, but that the company refused to accept it, to furnish new machinery, or to return the notes and money paid for it; that it waived the requirement of said order providing for the return of the machinery by requesting appellees to keep possession of it; that appellees Flinn and Hensley made full settlement by four promissory notes of $175 each, signed by the other appellees as sureties; that owing to said defective machinery, said appellees were prevented from threshing wheat for one season, to their damage $500. (5) That the sole consideration of the note was the sale to Flinn and Hensley of an engine and separator for $700, all of which has been paid except that part evidenced by the note in suit; that said machinery was totally unfit for the purpose for which the same was to be used and did not and would not do its work, by reason of which said appellees were damaged $500; that by reason of said machinery being wholly unfit for doing said work, and worthless for said purpose, the consideration of said note has failed.

Demurrers were overruled to the fourth and fifth paragraphs of the answer, exceptions taken and error assigned questioning the sufficiency of each of such answers. The

fourth paragraph counting upon the breach of a written warranty contains no averments as to the particulars of such breach. It was therefore insufficient, and the demurrer should have been sustained. *Shirk* v. *Mitchell,* 137 Ind. 185, and authorities there cited. *Neidefer* v. *Chastain,* 71 Ind. 363, 36 Am. Rep. 198. The allegation as to waiver in the answer does not change the rule. *Aultman, etc., Co.* v. *Seichting,* 126 Ind. 137. No question of implied warranty is presented by this paragraph of answer. Implied and oral warranties are merged in the written one. *Shirk* v. *Mitchell, supra; McCormick, etc., Co.* v. *Yoeman, ante,* 415.

The fifth paragraph is subject to the same criticism as the fourth, it failing to set out facts showing a breach of the warranty or the worthlessness of the machinery. It is not good as an answer of failure of consideration. *Hardesty* v. *Smith,* 3 Ind. 39; *Myers* v. *Conway,* 62 Ind. 474; *Long* v. *Johnson,* 15 Ind. App. 498.

The court was duly requested to instruct the jury in writing, and as shown by a bill of exceptions read to it the whole of the complaint, except the copy of the note filed as an exhibit, of which he said: "The copy of the note is as indicated in the complaint, but I shall not read that." The answers were all read, except the copy of the written warranty filed with the fourth, which was omitted with the following remark: "To these answers is attached the warranty, which has been read in your hearing." The replies were also read, during the reading of which the judge said: "This is the same exhibit heretofore referred to." None of the papers thus read was copied in the instructions, but were read from the originals with oral explanations as above set out. The action of the court in this regard constitutes reversible error. *Sellers* v. *City of Greencastle,* 134 Ind. 645; *Bosworth* v. *Barker,* 65 Ind. 595.

While it is not error to read the pleadings to the jury when properly incorporated in the instructions (*Sturgeon*

Woodruff *v.* Hensley.

v. *Sturgeon,* 4 Ind. App. 232), yet in a case where they are as voluminous and involved as in this one, it would be usually much more helpful to the jury were they instructed as to the substance of the issues in apt language chosen by the trial judge. Section 542 Burns 1894, subd. 5, contemplates instructions by the judge, and not the mere reading of pleadings.

When the cause came on for trial, the appellees withdrew the general denial, and demanded the right to open and close, and, over appellants' objection, did so. The appellees' attorneys stated in open court that they conceded the loss of the note, and that $40 was a reasonable attorney's fee. This statement, while it fully bound appellees as a matter of evidence, could have no effect to change the burden of proof as made by the pleadings. The appellee, upon the pleadings, was not entitled to open and close the case, and where the burden of proof rests must be determined from the pleadings. *Boyd* v. *Smith,* 15 Ind. App. 324. The allegation as to a reasonable attorney's fee was affirmative, and the burden was upon appellant to establish it. *Boyd* v. *Smith, supra; Fetters* v. *Muncie Nat. Bank,* 34 Ind. 251, 7 Am. Rep. 225; *Camp* v. *Brown,* 48 Ind. 575; *Reynolds* v. *Baldwin,* 93 Ind. 57; *Robbins* v. *Spencer,* 121 Ind. 594. Even if the statement made in open court fixing the fee at ten per cent., if any finding was had for plaintiff, could be considered, which it can not be, it would not change the order. *Camp* v. *Brown, supra.* If the note called upon its face for a specified amount as attorney's fee, the rule would be different. *McCormick, etc., Co.* v. *Gray,* 100 Ind. 285.

Judgment reversed, with instruction to sustain demurrers to fourth and fifth paragraphs of answer, and for further proceedings not inconsistent herewith.