# Woodward Iron Company *v.* Curl.

*Action for Damages for Injury to Employe.*

(Decided Nov. 21, 1907. 44 So. Rep. 969.)

1. *Master and Servant; Injury to Servant; Complaint; Sufficiency.*—An averment in complaint that the employe was injured while in the employ of the master is not the equivalent of an allegation that he was in the discharge of a duty imposed on him at the time of the injury.

2. *Same.*—An averment in a complaint that the master was negligent in failing to provide servants with reasonable skill and that as a proximate consequence thereof, plaintiff's employe was in-

[Woodward Iron Company v. Curl.]

jured, is not an allegation that the services in which the employe was engaged at the time of his injury were within the line or scope of his employment.

3. *Same.*—Where the employe was engaged as a blacksmith in a shop in the mines, a complaint for injuries to him by being struck by cars on a tram railway which fails to show a necessity for crossing the track at that point is subject to demurrer.

4. *Same.*—A count for recovery of damages for injury to an employe in consequence of the incompetency of fellow servants must allege that the employer failed to use ordinary care in the selection of them, as the master does not warrant the competency of his servants; in selecting employes the master must exercise reasonable care having in view the nature of the employment, and if the employment involves special knowledge, only men of such special knowledge should be engaged.

5. *Same.*—A count which avers the nature of the work and the duty of employer to employ servants of reasonable skill and a negligent failure of the employer to engage such servants, whereby plaintiff, an employe was injured, sufficiently alleges the negligence of the master for failure to employ proper servants; and such allegations sufficiently show the causal connection between the act causing the injury and the negligence.

6. *Same.*—A complaint alleging injuries to a mine employe by being struck by cars on a tram railway, which also alleges the negligent failure of the employer to provide a sufficient number of servants to conduct his work in a reasonably safe manner and as a proximate result cars used by the employer in his business ran against the employe and injured him, states a good cause of action.

7. *Same.*—A count alleging injuries to a mine employe by being struck by cars on a tram railway, that the railway was operated for defendant's private purpose in connection with its mine and that plaintiff had occasion to cross the track, but which fails to aver any relationship between the parties, makes plaintiff a mere trespasser to whom the defendant owed no duty except not to wantonly or willfully injure him.

8. *Same.*—A count alleging that the injury was a proximate consequence of the negligence of a co-employe while in the exercise of the superintendence intrusted to him, that the negligence consisted in the co-employe allowing a car to run down the tracks without means of controlling its motion and without any signal to employe, does not state a cause of action under either subdivision 2 or 5 of section 1749, Code 1896, as there is no averment that the employe was employed in or about the railroad or that he was discharging any duty in connection therewith.

9. *Same.*—A count which shows that the employe was at the employer's mining plant by invitation, instance or request of the employer sufficiently shows that the employe occupied such a relation to the employer as to entitle him to the exercise of ordinary care on the part of the employer.

10. *Same; Continuance of Employment.*—A person was at the time of his injury occupying the relation of employe and entitled to the same immunity from injury from negligence as when at·work where it was shown that such person was at work at a shop on

one side of the employer's tram track; that on the opposite side of the track was a house where drinking water was kept; that it was customary for employes to go to the house for water; that about five minutes before noon the person left the shop to get water crossing the railway between the cars about two feet apart, and on his return, while crossing between the cars they ran together, injuring him.

11. *Same; Pleading and Proof; Variance.*—A complaint setting up that plaintiff was a stranger crossing defendant's track and entitled to the exercise of due care from defendant's servants, is not supported by evidence that at the time of his injury his right to be where he was was dependent on his status as an employe.

12. *Same; Persons Engaged in Superintendence.*—A person charged with the duty of retarding the speed of coal cars by spragging or clogging the wheels and who performs the manual labor necessary to do the work and has no person under him cannot be said to exercise any superintendence intrusted to him by the master.

13. *Same; Relation of Employe.*—One employed as a blacksmith at a mine and discharging no duty in connection with the railway operated by the master at the mine cannot recover for injuries on account of being struck by a car on the railway through the negligence of one in charge of the other as such person is not within the purview of subdivision 5 of section 1749, Code 1896.

14. *Same.*—One who has nothing to do with the starting of cars on a railway and whose only duty was from his position on the ground to sprag the wheels of the car, was not a person in charge of the cars or railway, etc., within the meaning of subdivision 5, section 1749, Code 1896.

15. *Appeal; Harmless Error; Erroneous Ruling on Pleading.*—The error, if any, in overruling the demurrer to a count attributing the injury to the negligence of a co-employe while in the exercise of superintendence is cured by a charge directing that there could be no recovery on account of the negligence of such co-employe while exercising such superintendence.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Action by Clinton Curl, pro ami, against the Woodward Iron Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The original complaint contained 11 counts to which was added by way of amendment counts 12 to 18, inclusive. Demurrers were sustained to counts 1, 5, 11, 12 and 14. Count 2 is as follows: "The plaintiff, Clinton Curl, who is a minor under the age of 21 years, and who sues by his next friend, I. S. Curl, claims of the defendant, the Woodward Iron Company, a corporation, the

sum of $10,000 damages, for that on, towit, the 14th day of March, 1905, the plaintiff was in the employ of the defendant, which was engaged in the business of mining ore in Jefferson county, Alabama, and while so in the employ of the defendant the plaintiff was injured by certain cars of the defendant running upon or against him, and as a proximate consequence thereof plaintiff's leg was broken, bruised, mashed, and mangled, and his arms and body were bruised and injured, and he lost valuable time, and incurred large doctor's bills and bills for nurse hire, and suffered great pain, both physical and mental, and his injuries are permanent; and plaintiff alleges that it was the duty of the defendant to provide servants of reasonable skill and experience to superintend said service in which plaintiff was engaged at the time of his injuries; and plaintiff alleges that it was negligent, in that it failed to provide servants of reasonable skill and experience in and about the doing and supervising of the services in which plaintiff was engaged, and as a proximate consequence of such negligence plaintiff was injured as aforesaid." Count 3: Same as count 2, down to and including the words "and his injuries are permanent," and adds: "And plaintiff alleges that his said injuries were caused by reason of a defect in the condition of the ways, works, machinery, or plant connected with or used in the business of the defendant, in that said defendant negligently failed to furnish sprags, or negligently failed to furnish sprags which were reasonably fit and serviceable for the purposes for which they were intended, and as a proximate consequence thereof a certain car in charge or in control of defendant's servants was allowed to run upon or against plaintiff, injuring him as aforesaid. The plaintiff alleges that the defect above mentioned arose from, or had not been discovered or remedied owing to, the negli-

gence of the defendant, or of some person in the service of the defendant and intrusted by it with the duty of seeing that the ways, works, machinery, or plant were in proper condition." Count 4: Same as count 3, except the defect is alleged to have consisted in the cars not being supplied with brakes or appliances for checking their speed or stopping them while going down grade. Count 6: Same as count 2, except the allegation of negligence is alleged to be in the failure to provide a sufficient number of servants to conduct his work in a reasonably safe manner, and as a proximate result certain cars used by defendant in this business ran violently down grade and upon defendant, etc. Count 7 alleges that defendant was engaged in the business of mining ore in Jefferson county, Ala., and in and about the operation of said mine and in connection therewith the defendant operated cars over lines of railway, and while plaintiff was crossing said lines of railway the defendant, or its agents or servants, so negligently conducted said business that one of the cars ran upon or against plaintiff, etc. Count 8 alleges the operation of tram cars over lines of railway, and that on said day plaintiff had occasion to cross said lines of railway, and while doing so defendant negligently allowed or caused one of its cars, etc. Count 9 alleges the operation of railways in connection with the mines, and describes how cars were operated on said line, and the method of spragging used to stop them; that plaintiff was accustomed to cross the track often at said place to reach his work, which was known to defendant; and that while plaintiff was in the act of crossing said track the cars were turned loose and allowed to run swiftly down grade without means of stopping or checking their speed, whereby plaintiff was injured by being struck, etc. This count also alleges the failure to give any warning or signal of

the approach of the cars. The tenth count charges negligence to the superintendent while in the exercise of such superintendence, towit, one Ellis, who was in charge of the car. The eleventh count lays the negligence to C. F. Evans, yard foreman or tally boss, a person in the employment of defendant, to whose orders or direction plaintiff was bound to conform and did conform. Count 12, after alleging the allegations of injury and employment as alleged in the other counts, alleges the duty on defendant to employ servants of reasonable skill and experience as co-servants of plaintiff in and about its operation of said business, and a failure to do so, which failure was known to defendant, or could have been known by the exercise of reasonable diligence and care, and as a proximate consequence, etc. Count 13 is practically the same as count 12. The fifteenth count is the same as the twelfth and thirteenth, with the allegation that plaintiff does not know the name or names of the persons employed by the defendant to superintend its said business. Count 16 alleges the operation by defendant of lines of railway; the fact that plaintiff was at defendant's mining plant by defendant's invitation, instance or request; defendant's duty to so operate its business in such reasonably safe way as not to injure plaintiff; its failure to do so; and as a proximate result of the cars striking him by reason of said failure he was injured, etc. The seventeenth count is the same as the sixteenth, except it goes a little more into detail as to how the cars were permitted to run down the track. Count 18: Same as count 16, except the negligence is averred to consist in a failure to see to it that there were a sufficient number of servants in charge of said car to prevent the same from running upon or against plaintiff. The grounds of demurrer are sufficiently set out in

the opinion, as are the other facts necessary to an understanding of it.

The following charge, number 1, was requested by the plaintiff: While the injury alone is not sufficient, yet I charge you, gentlemen of the jury, that if you believe from the evidence that the plaintiff Clinton Curl was injured, and that the negligence of the defendant as charged in either the 2, 3, 4, 6, 7, 8, 9, 10, 13, 15, 16, 17 or 18 counts of the complaint, was the proximate cause of the plaintiff's injury, then you must find a verdict in favor of the plaintiff.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. Count 1 was demurrable for failing to aver that the appellee was in the discharge of his duties when injured and should trace the connection between the failure of appellant to furnish a reasonably skillful servant to superintend the work in which appellee was engaged and the injury. Count 6 is open to the same criticism. Counts 7 and 8 do not set out whether plaintiff was an employe or stranger.—*Ensley St. Ry. v. Chewning*, 93 Ala. Count 9 does not allege that it was the duty of the superintendent to give warning of the approach of the cars, while his failure to do so is relied on to show negligence per se. For the same reason demurrers should have been sustained to the 10th count. Demurrers should have been sustained to the 9th and 10th count also because they are attempted to be drawn under subd. 5, section 1479, Code 1896, and it appears that the car were not on a railroad. The court erred in prescribing in the given charges the wrong test—that which an ordinary boy of his age and experience would exercise under the same circumstances.—*Worthington & Co. v. Goforth*, 124 Ala. 656. The court erred in refusing a charge that the jury must find for the defendant

if they believe from the evidence that the injury was proximately caused by the negligence of Ellis Bushlin in failing to properly sprag the trip that struck the standing cars. In the first place Bushlin had no superintendence entrusted to him and in the next place the cars were not on a railway or connected therewith.—*Whatley v. Zenida Coal Co.*, 122 Ala. 118; *Alabama S. & W. Co. v. Griffin*, 42 South. 1034. The court should have given the 2nd charge requested by defendant as well as the 3rd.—*Dantzler v. DeBardelaben C. & I. Co.*, 101 Ala. 309, and authorities next above. The court should have given the affirmative charge as to count 3.—*Tuck v. L. & N. R. R. Co.*, 98 Ala. 150. The court should have given the affirmative charge as to counts 7 and 8.—*M. & O. R. R. Co. v. George*, 94 Ala. 221. The court erred in refusing the affirmative charge as to the 9th count.—*Dantzler v. DeBardelaben C. & I. Co., supra; Whatley v. Zenida Coal Co., supra; Alabama S. & W. Co. v. Griffin, supra.* On the same authorities the affirmative charge should have been given to counts 15 and 16, as well as to the complaint as a whole.

T. T. HUEY, and WARD & WARD, for appellee. Very general averments of negligence are sufficient under our system of pleading.—*Ga. Pac. Ry. Co. v. Davis*, 92 Ala. 307; *R. R. Co. v. Thompson*, 62 Ala. 494; 91 Ala. 384. The 7th and 8th counts were entirely sufficient.—*M. & M. R. R. Co. v. Crenshaw*, 65 Ala. 566. Counsel discuss other assignments of error, but cite no authority.

DENSON, J.—This is an action to recover damages for a personal injury sustained by the plaintiff while an employe of the defendant as a blacksmith at defendant's mines. The complaint originally contained 11 counts, and 7 were added by amendments. Demurrers were sus-

tained to the first, fifth, eleventh, twelfth, and four-teenth counts; and, as the appeal is taken by the defend-ant, these counts are not here for review. The grounds in the assignment of errors are numerous, and we find that it is necessary, under well-settled principles of law, to sustain a number of them, and a reversal of the cause will be ordered. Nevertheless, as another trial will probably follow on the remandment of the cause, it is our duty to notice the grounds of error insisted upon in the brief of appellant's counsel.

Of the counts in the complaint to which demurrers were overruled, the second, sixth, seventh, eighth, thir-teenth, fifteenth, sixteenth, seventeenth, and eighteenth rely for recovery on the negligence of the defendant company, and are not based on the employer's statute. The third, fourth, ninth, and tenth counts are predicat-ed upon the employer's statute.—Code 1896, § 1749. It must be conceded that an averment that plaintiff was injured while in the employment of the defendant falls short of showing that he was in the discharge of any duty imposed upon him by his employment at the time of his injury. This is the extent of the averments in this respect in the first paragraph of the second count, in which the injury, the circumstances attending it, and the relations of the parties are alleged. In the second paragraph of that count it is alleged: "It was the duty of the defendant to provide servants of reasonable skill and experience to superintend the services in which the plaintiff was engaged at the time of his injuries; and plaintiff avers that it was negligent, in that it failed to provide servants of reasonable skill and experience in and about the doing and supervising of the services in which plaintiff was engaged, and as a proximate conse-quence of such negligence, plaintiff was injured as aforesaid." Construing the count most strongly against

the plaintiff, we feel that we are authorized to conclude that the services in which he was engaged at the time of his injury were not within the scope of his employment —not such as he was employed to perform; so that, if the count shows that the plaintiff was, at the time the injury occurred, engaged in the discharge of duties imposed upon him by his contract of employment, it does so only inferentially. Essential facts of this character should not be left to inference and conjecture in a complaint. The court, therefore, erred in overruling the demurrer which points out this defect in the second count. —*Sloss-Sheffield Steel & Iron Co. v. Mobley, Adm'r. etc.,* 139 Ala. 425, 36 South. 181; *Virginia Bridge Co. v. Jordan,* 143 Ala. 603, 42 South. 73. On the same considerations, the demurrer pointing out the same defect in counts 3, 4, 6, 9, and 10 should have been sustained, and the court committed reversible error in not sustaining it. Moreover, the ninth and tenth counts fail to show any necessity for the plaintiff to cross the track at the time and place alleged.—*Virginia Bridge Co. v. Jordan, supra.*

We are of opinion that the remaining counts to which demurrers were overruled are not open to the ground of demurrer under consideration. Counts 2, 13, and 15 attribute the injury to the negligent failure of the defendant to employ servants of reasonable skill and experience, while counts 6 and 18 assign as the cause of the injury the negligent failure of the defendant to provide a sufficient number of servants to conduct the work in a reasonably safe manner. The master owes as a duty to his servant, in respect to the employment of co-employes, taking into consideration the nature of the employment, the exercise of reasonable care—such care only as men of reasonable and ordinary prudence exercise. "If the employment involves special knowledge and experience,

only men of special knowledge and experience should be engaged. If the work may be well done by the unskilled and inexperienced, it cannot be said that the master is lacking in the measure of care he owes to other employes, should he employ unskilled and inexperienced men upon it." The master does not warrant the competency of his servants, and to permit a recovery it must appear that he failed to use ordinary care in the selection of them.—*Holland v. T. C. I. & R. R. Co.*, 91 Ala. 444, 450, 8 South. 524, 12 L. R. A. 232; Dresser, Employer's Liability, p. 402, § 89. Counts 2, 13, and 15 show the nature of the business or work, aver that it was the duty of the defendant to employ servants of reasonable skill and experience, and allege a negligent failure of the defendant to engage such servants; and under our liberal system of pleading we are of the opinion that these counts are not open to the demurrer which raises the point under discussion. Nor are they open to the ground of demurrer that causal connection is not shown between the act causing the injury and the negligence averred. For the same reasons similar demurrers to counts 6 and 18 were not well taken.

The demurrer to the seventh and eighth counts, insisted upon by the appellant, is that these counts fail to show the relationship between plaintiff and defendant out of which duty springs to observe care for the plaintiff's safety; in other words, that, construing these counts against the plaintiff, he was no more than a trespasser on the premises of the defendant, to whom the defendant owed only the duty not to willfully or wantonly injure him, or the duty to use all reasonable means to conserve his safety after his peril was known to the defendant. It will be borne in mind that these counts show that the railway operated by the defendant was

operated for its own private purposes, in connection with its mines, and, so far as is shown by the counts, only on its private premises; and in this view the mere averment that the plaintiff had occasion to cross the track, without any averment as to any relationship between him and the defendant, does not relieve the plaintiff from the attitude of a trespasser. Consequently the counts fail in their averments to fix any duty on the part of the defendant to the plaintiff, and the demurrers to them should have been sustained.

The ninth count attributes the injury to the negligence of Jim Moore while in the exercise of superintendence. The bill of exceptions shows that the court, at the written request of the defendant, charged the jury that there could be no recovery on account of alleged negligence of Jim Moore. Hence, if there was error in overruling the demurrer to count 9, it affirmatively appears that it worked no injury to the defendant; and we shall not consider the merits of that demurrer.—*Alabama Steel & Wire Co. v. Griffin,* 149 Ala. 423, 42 South. 1034.

Count 10 alleges that the injury was "a proximate consequence of the negligence of a person in the service of the defendant who had superintendence intrusted to him, whilst in the exercise of such superintendence, towit, one Ellis, who was in charge of the car that struck plaintiff as aforesaid; that said negligence consisted in this, towit: that he allowed said car to run down said tracks without any means by which the motion thereof could be controlled, or without giving any warning or signal to the plaintiff." It is manifest that, notwithstanding the pleader may have intended to state a cause of action in this count under subdivision 2 of section 1749 of the Code of 1896, the facts averred do not bring the case within that subdivision, and the sufficiency of

the count must be tested by subdivision 5 of that section of the Code. This subdivision, in respect to a person in charge of a car, relates to cars on a railway, and this subdivision, it has been expressly held, was enacted for the benefit of those engaged in the hazardous business of operating a railroad, and that it is not sufficient that the complaining employe was employed at a plant by the same master, who also owned and controlled a railroad, which may be operated in furtherance of the business of the plant. His duty must be in and about the railway.—*Alabama Steel & Wire Co. v. Griffin,* 149 Ala. 423, 42 South. 1034, and authorities there cited. In respect to this question, count 10 here is in the same category with counts 9 and 11 that were held bad in the case cited supra, for the reason that there is no averment that the plaintiff was employed in or about the railway or that he was discharging any duty in connection with the railway. The court erred in overruling the demurrer to count 10.

Counts 16, 17, and 18 each show that the plaintiff was at the defendant's mining plant by its invitation, instance or request. This is sufficient in respect to the point made by the demurrer that these counts fail to show that plaintiff occupied such relation to the defendant as to entitle him to the exercise of ordinary care on the defendant's part.—*M. & E. Ry. Co. v. Thompson,* 77 Ala. 448, 54 Am. Rep. 72; *Alabama Steel & Wire Co. v. Clements,* 146 Ala. 259, 40 South. 971.

We have considered all assignments of error, in respect to the judgment of the court on the demurrers to the complaint, that have been insisted upon in brief of appellant's counsel. Issue was joined on the plea of the general issue and pleas of contributory negligence on the part of the plaintiff, in that he negligently went between the cars on the track.

The conclusion we have reached in respect to the refusal of the court to give the affirmative charges requested by the defendant renders it unnecessary to notice in detail the charges given at the request of the plaintiff. While we will not say the court committed reversible error in giving charge 1 requested by the plaintiff (*Virginia Bridge Co. v. Jordan, supra*), we do say that such charges should never be given, as they tend to confuse the jury.—1 Blashfield, Instructions to Juries, § 93; *East Tennessee, etc., v. Lee,* 90 Tenn. 570, 18 S. W. 268; *Woodruff v. Hensley,* 26 Ind. App. 592, 60 N. E. 312; *Bryan v. Chicago, etc.,* 63 Iowa, 464, 19 N. W. 295; *Fitzgerald v. McCarty,* 55 Iowa, 702, 8 N. W. 646; *Porter v. Knight,* 63 Iowa, 365, 19 N. W. 282; *Tipton v. Triplett,* 1 Metc. (Ky.) 570; *Hall v. Renfro,* 3 Metc. (Ky.) 51; *Bradshaw v. Mayfield,* 24 Tex. 481; 2 Mayfield's Dig. p. 577 (28).

After a most careful examination of the evidence in the record, we have failed to find any reasonable inference afforded thereby that the defendant did not provide servants of reasonable skill and experience, or that it did not provide a sufficient number of servants or superintendents in its business; and we have failed to find that the evidence affords any inference of negligence on the part of the defendant in this respect. Further, if it should be conceded that a sufficient number of superintendents were not employed, yet the evidence fails to trace plaintiff's injury to any negligence in that respect. So it must follow that the court committed reversible error in refusing the affirmative charges as requested by the defendant on counts 2, 6, 13, 15, and 18.

There is no evidence which in the slightest degree tends to support the proposition that there was any defect in the ways, works, machinery, or plant connected with or used by the defendant, even construing "sprags"

as a part of the plant. For this reason the affirmative charge requested by the defendant in respect to counts 3 and 4 should have been given.

The evidence shows that the plaintiff was employed by the defendant at its mines as a blacksmith; that the shop in which plaintiff worked was located on the opposite side of defendant's tram railway from defendant's tally house; that in the tally house drinking water was kept, and that it was customary for the employes of defendant at the mines to go to the tally house for water to slake their thirst; that about five minutes before the noon hour plaintiff left his shop and went to the tally house to get water; that he crossed the tram track between cars loaded with ore that were about two feet apart; and that on his return, after getting the water, and when he was in the act of crossing between the cars, they ran together and crushed his leg. In this state of the case, and on the authority of *Birmingham Rolling Mill Co. v. Rockhold,* 143 Ala. 115, 127, 42 South. 96, it must be held that in the interval when the plaintiff left his work to get water, he was entitled to the same immunity from injury on account of negligence as when he was at work—that his relation of employe was not severed by going for the water. Therefore at the time the injury occurred the plaintiff was defendant's employe.

The seventh and eighth counts neither allege that at the time the plaintiff's injury occurred he was an employe. Each is based on the theory that he was a stranger, crossing defendant's tracks, and in the exercise of that right was entitled to the exercise of due care from defendant's servants. The evidence, as has been observed, without conflict showed that at the time of plaintiff's injury his right to be at the place where he was (at defendant's mines, on its private property) depended upon his status as an employe. There was a fatal variance

in this respect between the allegations of each of these counts and the proof. In the case of *M. & O. R. R. Co. v. George,* 94 Ala. 221, 10 South. 154, this court said: "It being undisputed that plaintiff was an employe of defendant and a fellow servant of the engineer in charge of the engine, which it is alleged negligently ran over him, he is not entitled to recover under the first count of the complaint, as we have construed it to be a suit by a person not in the employment of the defendant, but lawfully on the track. The liability for an injury to an employe, caused by the negligence of a fellow servant, rests on entirely different principles from the liability to a stranger on the track by license or invitation. The variance between the allegations of the first count and the proof is fatal. It follows that the court erred in refusing the affirmative charges as requested by the defendant in respect to counts 7 and 8. On the same considerations, the defendant's affirmative charges in respect to counts 16, 17 and 18 should have been given.

The proof without conflict shows that the only duty which devolved on Ellis (Bushlin) was to retard the speed of the car after it left the "knuckle" by "spragging" the wheels of the car. It can in no sense be said that he had any superintendence intrusted to him. He had no one under him, and performed manual labor altogether.—*Dantzler v. DeBardeleben, etc.,* 101 Ala. 309, 14 South. 10, 22 L. R. A. 361. The car was a tram car, hoisted out of the mines by a stationary hoisting engine at the top, with which it was connected by a cable; but when it got out of the mine the cable was detached and the tram car ran along a tram track, downgrade, of its own motion, to the tipple where it was dumped, whereupon it returned empty, by the same means to the mine. In accordance with the case of *Alabama Steel & Wire Co. v. Griffin,* 149 Ala. 423, 42 South. 1034, it would seem

[Woodward Iron Company v. Curl.]

that the car was not one on a railway; but it is still clearer from the evidence that the plaintiff at the time was not employed in and about the railway, and that he was not discharging any duty in connection with the railway, so that, if it should be contended that the railway and the car thereon come within the meaning and influence of subdivision 5 of section 1749, Code 1896, and that Ellis was in charge of same, yet, for the lack of proof that the plaintiff was at the time employed in the discharge of duties about the railway, nothing can be taken by the plaintiff upon the theory that Ellis was in charge of a car on the railway. But the evidence shows that Ellis had nothing to do with starting the car. It was turned loose at the mouth of the mines, and his only duty was, from his position on the ground, to sprag the wheels. It cannot be said from this (within the meaning of subdivision 5) that he had charge of the car or cars. On these considerations, the affirmative charge in respect to the tenth count should have been given.—*Ala. Steel & Wire Co. v. Griffin*, 149 Ala. 423, 42 South. 1034.

It is not deemed necessary to consider the case as presented any further. For the errors pointed out, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and SIMPSON, JJ., concur.