# Adams *v.* Southern Railway Company.

## *Personal Injury to Employe.*

(Decided Jan. 13, 1910.    Rehearing denied Feb. 26, 1910.
51 South. 987.)

1. *Appeal and Error; Harmless Error; Pleading.*—Where the count upon which the action was tried alleged the case so generally that proof of every allegation of the proposed amendments was admissible under the count, if it was error to sustain demurrers to the amendment, it was harmless.

2. *Master and Servant; Injuries to Servant; Complaint; Course of Employment.*—A complaint drawn under the Employer's Liability Act seeking damages for the death of an employe which alleges that on a certain date intestate was in the employment of defendant as a switchman in its yards, and while so employed was upon or near the switchboard of the engine upon which he worked as such switchman, where he had a right to be, and while so situated was injured, etc., was defective for want of positive allegation that decedent was in or about the employer's business when injured, the allegation that he was where he had a right to be not being sufficient.

29—166

[Adams v. Southern Railway Company.]

3. *Injury; Wanton Negligence; Complaint.*—The allegation of a complaint that the employes in charge of the engine which caused the death of the intestate knew or should have known of decedent's danger did not necessarily charge wanton negligence, as such allegations were consistent with simple negligence or inadvertence.

4. *Same; Course of Employment.*—Under the facts in this case the intestate was entitled to protection under the statute against the negligence of his co-employes for the time between which his engine stopped on the transfer and when it would have been moved again in doing its work, although in the meantime, intestate was eating his lunch.

5. *Same; Wanton Negligence.*—Under the facts in this case the co-employes of intestate who backed the cars upon him causing the injury were not guilty of wanton or intentional negligence.

6. *Same; Contributory Negligence.*—Under the facts in this case the intestate was guilty of contributory negligence precluding recovery by his administrator, in sitting on the engine footboard in the position in which he was when injured.

7. *Same.*—The fact that the switchman relied upon his co-employes on other engines to do their duty did not exempt him from the responsibility for the consequences of his own negligence.

8. *Same; Evidence.*—Where the switchman was killed by having cars backed on him while sitting on the footboard of an engine which was standing awaiting orders to move, questions as to whether the footboard was the proper place for the intestate to ride when the engine was in motion were irrelevant.

9. *Same.*—Where the charge was wantonness in causing the death of a switchman by shoving cars against the engine on which he was sitting, it not being shown that those in charge of the engine shoving the cars which killed intestate knew of the dangerous position of a person under the engine on which intestate was killed, it was not proper to ask such person if he was in a place of danger while he was under the engine, and the question was not material in any other phase of the case.

10. *Trial; Objections to Evidence; Grounds.*—While a trial court was not bound to seek grounds for excluding evidence upon a general objection, yet if the court does so and finds a valid ground of objection the person offering it cannot complain.

APPEAL from Calhoun Circuit Court.

Heard before Hon. JOHN PELHAM.

Action by Sara A. Adams against the Southern Railway Company. From a judgment for defendant, plaintiff appeals. Affirmed.

The first count in the complaint charges that the intestate was employed in the service of the defendant as a switchman in its yards in the ctiy of Anniston, Ala.,

and while he was so employed and engaged in and about the discharge of his duties connected with said employment some of the servants, agents, or employes of the defendant, whose name or names are to plaintiff unknown, and who then and there had charge of a locomotive upon a railway then and there owned or used by the defendant, so negligently backed such locomotive and the train attached thereto upon said railroad track as to cause one or more cars standing on said track to run upon or over plaintiff's intestate, and injure him so that he died.

Count 17: "The plaintiff, Sara A. Adams, suing as the administratrix of the estate of Percy Adams, deceased, claims of the defendant, the Southern Railway Company, a corporation the sum of $20,000 as damages, for that heretofore, to wit, on April 25, 1907, plaintiff's intestate was in the service or employment of defendant as a switchman in its yards in the city of Anniston, Alabama, and while he was so employed he was upon or near the footboard of the engine, upon, around, and about which he worked as such switchman, where he had a right to be; and plaintiff avers that, while her said intestate was situated as aforesaid, there was another locomotive or engine upon a railroad track owned or used by the defendant, which said other locomotive or engine was then and there in charge of and being operated by the agents, servants, or employes of the defendant, but whose name or names are unknown to the plaintiff. And the plaintiff avers that the engine upon, around, and about which her said intestate worked as such switchman, at the time of the injury to her said intestate, was standing still, or was dead, upon the side track, then and there owned or used by the defendant, and that the said other engine or locomotive in charge of and being operated by the agents.

servants, or employes of the defendant was upon the main line or track of the defendant, and was attached to a train of cars; and before the injury to plaintiff's intestate had pulled out on said main line southward, but that the agents, servants, or employes of the defendant in charge of and operating said other engine or locomotive, when said engine had reached a certain switch near Oxanna Station on defendant's said main line track, notwithstanding the fact that they knew or ought to have known that the switching crew of which plaintiff's intestate was a member was on the side track in said yard, or as likely to be there, and notwithstanding the fact that they knew or ought to have known that to back their engine and cars into said side track would likely injure some one there, nevertheless the said agents, servants, or employes of the defendant in charge of and operating said other locomotive or engine, in reckless disregard of the well-known or probable consequences of such act, and without warning plaintiff's intestate and others similarly situated by bell, whistle, flagman, or other device of the approach of said engine or locomotive into and upon said track, and the car or cars then and there being moved by said engine struck another car or cars then and there standing upon said side track, whereby the same was caused to run upon or over plaintiff's intestate, inflicting injuries, from which he died."

Count 18: Same as 17, down to and including the words, "where he had a right to be," and adds: "Some of the agents, servants, or employes of defendant, whose name or names are unknown to the plaintiff, and who then and there had charge of another locomotive or engine, then and there owned or used by the defendant, and which said other locomotive or engine was then and there upon a railway track owned or used by the

defendant, while in the conduct, operation, and running of the same, did wantonly, recklessly, or intentionally back said locomotive or engine and some cars upon or over said plaintiff's intestate, so injuring him that he died."

Count 20 is similar in all respects to count 17.

TATE & WALKER, and TYSON, WILSON & MARTIN, for appellant. The averments of negligence in this case were sufficient.—*C. of Ga. v. Foshee,* 125 Ala. 199; *Armstrong v. Montgomery S. Ry. Co.,* 123 Ala. 233; *Woodward I. Co. v. Curl,* 44 South. 970; *Bir. R. Mills v. Rockhold,* 143 Ala. 127. What we have said with respect to the 12th count above applies also to the 14th and 15th counts.—*Peters v. Southern Ry. Co.,* 135 Ala. 537; *S. & N. R. R. Co. v. Shearer,* 58 Ala. 678; *S. & N. A. R. R. Co. v. Sullivan,* 59 Ala. 282. The same argument applies to count 16. The 17th count properly charges willfulness.—*C. of Ga. v. Foshee, supra; M. & C. R. R. Co. v. Martin,* 117 Ala. 367. The court erred in overruling demurrers to the pleas of contributory negligence.—*L. & N. v. Markee,* 103 Ala. 164. Counsel discuss the rulings of the court on the evidence but without citation of authority. At the time that the intestate was killed he was in the course of his employment.—*Bir. R. Mills v. Rockhold, supra; Woodward I. Co. v. Curl, supra;* Dresser, 77. The court erred in giving the affirmative charge for the defendant.—*Lockhardt v. L. R. & M. R. R. Co.,* 40 Fed. 631; *Bennett v. Northern Pac.,* 54 N. W. 314; *Kingman v. Chicago, etc. Ry. Co.,* 85 Ill. App. 138; *Canada South. v. Jackson,* 17 Can. S. C. 316; *L. & N. v. Bouldin,* 121 Ala. 199, and authorities supra. See also *Northern Ala. Ry. Co. v. Key,* 150 Ala. 651; *Southern C. & C. Co. v. Swinney,* 149 Ala. 405; *Sloss-Sheffield Co. v. Green,* 49 South. 301.

[Adams v. Southern Railway Company.]

KNOX, ACKER, DIXON & BLACKMON, for appellee. A person injured because negligently on a railroad track cannot recover unless the injury is willful.—*Glass v. M. & C.*, 94 Ala. 588; *T. C. I. & R. R. Co. v. Hansford*, 125 Ala. 349; *Peters v. Southern Ry. Co.*, 135 Ala. 533. An employe should be held to a higher degree of care than a stranger.—*L. & N. v. Crawford*, 89 Ala. 240. The counts did not charge willful injury.—*L. & N. v. Mitchell*, 134 Ala. 267; *Southern Ry. v. Bunt*, 131 Ala. 591; *Southern Ry. Co. v. Weatherlow*, 153 Ala. 171. Where other counts present the same issues, it is harmless error to sustain demurrers.—*Reese v. Fuller*, 132 Ala. 285. Where the facts are undisputed, the rulings of the court on evidence that does not tend to produce a conflict will not cause a reversal.—*Bolling v. M. & M. R. R. Co.*, 128 Ala. 556. Under the facts in this case the plaintiff's intestate was guilty of contributory negligence as a matter of law.—*Glass v. M. & C. R. R. Co.*, supra; *Tenn. etc. R. R. Co. v. Hansford*, supra. On these and the following authorities, the court properly gave the affirmative charge for the defendant.—*A. G. S. v. Roach*, 110 Ala. 271; *L. & N. v. Mothershed*, 97 Ala. 261.

SAYRE, J.—Plaintiff's intestate came to his death as the result of injuries received while in the employment of the defendant. Suit was brought under the employer's liability act. To the complaint as originally framed a number of amendatory counts were added, to all of which, except that numbered 20, demurrers were sustained. Such rulings as related to those added counts which charged simple negligence need not be considered. The original counts, upon which the case was tried, stated plaintiff's case with such generality of averment as to permit proof of every variation al-

leged in the counts proposed to be added, nor does it appear that, in effect, the plaintiff was in any respect embarrassed or restricted in the presentation of the evidence to sustain her contention that her intestate had been killed by the negligence of defendant's employes. If there was error here, it was harmless error.

Counts 17 and 18, which were intended to charge wanton or intentional wrong, must be noticed briefly. In *Central of Georgia v. Lamb*, 124 Ala. 172, 26 South. 969, it was held that an employer is not liable to an employe for injuries resulting from the wanton or willful wrongdoing of fellow employes, except in the instances provided for in the employer's liability act. These counts were framed under that act, and showed that plaintiff's intestate and the employe of whose negligence complaint is made were fellow servants. They have a common defect, for they fail to aver categorically that plaintiff's intestate was at the time of his injury engaged in or about the business of the defendant. The averment, construed without violence against the pleader, is, in substance, no more than that, while he was in a general way in the employment of the defendant as a switchman, he was upon or near the footboard of the engine upon which he worked, where he had a right to be. The facts stated, it may be conceded, afford an inference more or less strong that it was the duty of plaintiff's intestate under his contract of employment to be where he was, but a fact so essential to plaintiff's recovery ought not to have been left to inference or conjecture.—*Sloss-Sheffield Co. v. Mobley*, 139 Ala. 425-434, 36 South. 181. The fact that her intestate had a right to be where he was did not establish the other fact necessary to the maintenance of plaintiff's case, viz., that he was there in the discharge of a duty imposed by his employment.—*Green v. Bessemer Co.*,

162 Ala. 609, 50 South. 289. Count 17 has a more evident fault. Attempting to set out the facts constituting a situation of danger in order to establish one element of a charge of wantonness, the further averment is in the alternative that those in charge of the engine which inflicted the injury knew, or ought to have known, the danger to plaintiff's intestate. A failure to know was entirely consistent with mere inadvertence or simple negligence. The charge preferred is not therefore the equivalent of the charge necessary to be made in one shape or another—we attach no importance to form of language—that the defendant's employes in charge of the engine wantonly, or with reckless indifference to consequences, drove it upon the transfer track with knowledge and present consciousness that such act would under conditions known to exist at the time probably result in disaster.—*L. & N. v. Brown*, 121 Ala. 221, 25 South. 609; *L. & N. v. Mitchell,* 134 Ala. 261, 32 South. 735; *M. & C. v. Martin*, 117 Ala. 367, 23 South. 231. The demurrers to these counts were therefore properly sustained.

So in respect to the ruling on demurrer to plea 5. On principles to be more conveniently stated when we come to deal with plea 4 and the evidence to support it that (plea 4) was a good plea, and was proven without conflict. Plea 5 need not be considered.

Defendant rested upon the testimony which had been offered by the plaintiff. The facts may be fairly epitomized as follows: The deceased was a switchman whose employment it was to attend a switch engine, and throw switches for it as it moved from place to place in the defendant's yard. While the engine was in motion his place was to stand upon one of the footboards attached to and extending across the front and rear of the engine. These footboards were fixed at three or four

[Adams v. Southern Railway Company.]

inches above the rails. About four feet above the rear
footboard an iron rod ran across the engine (or ten-
der) which was put there to afford the switchman a
secure hold while the engine was in motion. The en-
gine had backed a number of cars upon the defendant's
transfer track, had then moved to the north, leaving an
interval of about 30 feet between it and the nearest car,
and stood there, awaiting orders for the next move-
ment. It was anticipated that the next move of the
engine would be to the north, and that as soon as the
engine had passed onto the main line it would become
the duty of plaintiff's intestate to throw the switch be-
hind the engine. When intestate had to throw a switch
in front of the engine, it seems that it was proper and
convenient for him to be upon the footboard in front,
and, when his duty required him to throw a switch be-
hind the engine, his place was on the footboard in the
rear. To the south of the engine as it stood there was
another "cut" of cars, as railroad men call it, with an
interval between it and the cut recently backed upon
the track by the engine. It was near the noor hour.
The engineer had stepped away from his engine for
some purpose, and plaintiff's intestate sat upon the
rear footboard, eating his lunch. He sat with his feet
upon the ground between the rails. His duty at that
time and under the existing circumstances did not re-
quire that he should be at any particular place upon
the engine. They required only that he should be in
easy call in the event occasion should arise for the
movement of the engine. It did not appear that under
any circumstances his duties required him to sit upon
the footboard, or that any of his duties could be con-
veniently and safely performed while in that posture.
While so sitting, another engine operated by the de-
fendant company moved upon the transfer track from

the south, striking the nearest cut of cars so violently as to cause them to strike the intervening cut, which, in turn, struck the engine upon which the plaintiff's intestate was sitting. As he saw too late his danger and made an effort to escape, intestate was caught under the cars, and killed.

Clearly, on the authority of the adjudicated cases in this state, and on consideration of reason and justice, too, as we think, plaintiff's intestate was entitled to the protection which the statute secures to an employe against the negligence of his co-employes during the interval between the stopping of the engine and the time when the performance of its work would require it to be moved again; nor did the mere circumstance that he was eating lunch—a necessary thing to do—deprive him of that security.—*Woodward Iron Co. v. Curl*, 153 Ala. 215, 44 South. 969; *Southern Coal & Coke Co. v. Swinney*, 149 Ala. 405, 42 South. 808; *Birmingham Rolling Mill Co. v. Rockhold*, 143 Ala. 115, 42 South. 96.

Issue was joined on plea 4, which, as amended, averred that plaintiff's intestate contributed proximately to his own injury in that he "negligently sat upon the footboard of a switch engine standing upon the transfer track, with his feet upon or near the track and in close proximity to a cut of cars standing on said track." On the undisputed facts, heretofore set out, the position in which the deceased had placed himself, not being required at the time to do so in the discharge of any duty of his employment, was without doubt a place, as he occupied it, not only of danger, but of danger which would have suggested itself to the ordinary apprehension. He cannot be justified, therefore, in having put himself in such a place and posture unnecessarily and in reliance upon his co-employes on other

trains or engines to do their duty. Such reliance did not exempt him from responsibility for the consequences of his own negligence.—*A. G. S. R. R. Co. v. Roach,* 110 Ala. 266, 2 0South. 132; *L. & N. R. R. Co. v. Mothershed,* 97 Ala. 261, 12 South. 714. We will not be understood as ruling that deceased would be held to responsibility as for contributory negligence had he been standing upon the footboard as he was expected to do while the engine was in motion although it was inherently a place of danger, and although at the precise time he might have been, so far as his duties were concerned, in a place of perfect safety. That is not the question presented. The unchallenged testimony of plaintiff's witness, the engineer, was that the footboard was not in any way injured by the impact of the cars, and that a man standing upon the footboard would not have been struck by the cars. The point taken, and well taken, as we are constrained to believe, is that he was occupying the footboard in a dangerous way, in a way not required by the performance of any duty under his employment, and in a way therefore which constituted negligence contributing proximately beyond doubt to his injury. Perhaps it is unnecessary to add that on the principles and authorities referred to in the discussion of count 17 that there was no evidence sufficient to fasten a charge of wanton or intentional wrong upon the crew of the train which caused the death of plaintiff's intestate.

That ruling of the trial court by which it sustained a general objection to plaintiff's question put to a witness whether the rear footboard was the proper place for plaintiff's intestate to ride when the engine was going from one place to another in the yard, and similar rulings, were free of error. The trial court was not bound to cast about for the grounds of objection; but,

if it did so and found tenable objection, appellant cannot complain. It seems to us that the objection to the question was rather obvious. The hypothesis of the question was at variance with the undisputed facts upon which plaintiff rested her case. Plaintiff's intestate was injured while the engine was standing awaiting orders. The question asked for an irrelevant fact.

Nor was it error to sustain the objection to the question propounded by the plaintiff to the witness Milam: "Were you in a place of danger while under the engine? There is no intimation that those in charge of the other engine knew of his dangerous situation, and the inquiry was immaterial to any other issue presented by plaintiff's case.

There is no error in the record.

Affirmed.

DOWDELL, C. J., and ANDERSON and EVANS, JJ., concur.

